JOHN W. WILLIAMS *vs.* THE E. J. FREDLOCK MFG., · ETC., CO.

*Action on Contracts for Different Kinds of Work—Prayer Denying All Right of Recovery— Verdict for Amount Below Jurisdiction of the Court.*

Plaintiff sued to recover compensation for building a dam and for other work done for defendant. Evidence offered by the latter tended to show, that the dam was not properly constructed ; that it leaked and was afterwards rebuilt by the defendant. It was conceded that a certain sum was due to the plaintiff for work other than that of making the dam. A prayer of the defendant asked the Court to rule that if the dam was constructed in such an inefficient manner that it would not hold water or fulfil the purpose for which it was designed, then the plaintiff is not entitled to recover unless the defendant prevented the plaintiff from carrying out the contract. *Held*, that this prayer was properly refused since the plaintiff was entitled to recover for the

amount proved to be due for the work other than that on the dam, and although that amount was below the jurisdiction of the Court, yet the verdict and the judgment of *non pros.* thereon is made, by Code, Art. 26, sec. 17, conclusive evidence of the debt.

Appeal from the Circuit Court for Garrett County (Boyd, C. J., and Stake, J.)

The cause was argued before McSherry, C. J., Fowler, Briscoe, Page, Pearce and Schmucker, JJ.

*John Hampton Barnes* and *Gilmor S. Hamill* (with whom was *Richard T. Semmes* on the brief), for the appellant.

*Taylor Morrison*, for the appellee.

Fowler, J., delivered the opinion of the Court.

This is an action of *assumpsit* to recover for work and materials furnished in the erection of a dam by the plaintiff for defendant in Garrett County.

It appears from the evidence in the record offered by the plaintiff that the plaintiff and defendant made a parol contract for work to be done and materials to be furnished by the former ; that no specified price was agreed upon ; that the defendant was to furnish the rock ; that the rock so furnished was scaly and not suitable for the purpose, and that the plaintiff never agreed that the dam would be water tight or water proof and did not guarantee the same ; that it was a good job, as good as could be made and was amply sufficient to hold water.    It was further in evidence that the work was done in a good and workmanlike manner, the best that was possible to do with the rock that was furnished by the defendant ; that the mason who was employed by the plaintiff to do the work was instructed by the plaintiff to build the dam nine feet high, but that after it was nearly completed, the defendant with the permission of the plaintiff directed that the dam should be made thirteen feet high or four feet higher than was calculated when the wall was started, and that a dam thirteen feet high should be built thicker and stronger than one nine feet high ; that the defendant was so informed and he replied " that dam is strong

enough to hold all the water in Garrett County." It was proved by the plaintiff that the claim sued for in this case *included not only work and materials furnished for the dam, but work and materials outside and beyond those furnished for the dam*, and it was admitted that these charges as well as the whole account was a correct copy from the books of the plaintiff.

The defendant testified as follows: That in June, 1897, he employed the plaintiff to build, among other work for him, a dam of certain dimensions as agreed upon, for the purpose of a fish and ice dam; that he, the plaintiff, was to furnish the stone for the work, that it was furnished under the direction of the agent of the plaintiff; that he never interfered with the work, except to insist that the dam should be built higher; that in July, 1897, when the dam was claimed to have been completed by the plaintiff, it leaked, and in the opinion of the defendant, was insufficient to hold and retain water as it should and would have done if constructed in a workmanlike manner; that he notified plaintiff of the trouble and that the plaintiff having failed to stop the dam from leaking, the defendant employed other workmen, who tore out the plaintiff's work and rebuilt the dam; that the dam was never dry; that none of the fish ever escaped, nor did he lose any by reason of the leakage; that the dam was in existence one winter and that he filled his ice-house with ice cut from it that winter and that he had torn it down after this suit was instituted, though at that time it was still holding water. There was other testimony offered by the defendant tending to show the dam was not constructed in a workmanlike manner. The case thus made was tried before the Court without a jury and the verdict being against the defendant, he has appealed.

There is but one question presented and that arises upon the exception of the defendant to the rejection of his prayer. That prayer asked the Court to declare as matter of law that if they find from the evidence that the plaintiff contracted with the defendant to erect a stone wall for a fish and ice-dam, and that plaintiff understood the character of the work to be done, and that plaintiff undertook the work, but did it in such an

unworkmanlike and inefficient manner, that said dam would not hold water and did not reasonably fulfil the purposes for which the defendant had hired the plaintiff to do the work, *then the plaintiff is not entitled to recover*, unless they shall further find that the defendant by his interference with the employees of the plaintiff prevented the plaintiff from carrying out its part of the contract, or furnished that part of the material which he had agreed to furnish, of such an inferior character that the same was insufficient to answer the purpose for which it was furnished, and that he did so with the full knowledge of its insufficiency." As we understand it is *conceded*—certainly not denied—that at least the sum of $38.27 is due to the plaintiff for work done and materials supplied outside of the erection of the dam. If this be so, it follows we think, that the prayer of the defendant was properly refused, for it asked the Court to declare that if the work done in and about the *dam* did not reasonably fulfil the purposes for which it was done the plaintiff was not entitled *to recover*. It was contended on the part of the defendant that this prayer means and was intended to mean that if the facts set forth in the prayer were found by the Court, then there could be no recovery for work done and materials furnished for *the dam*. But we do not so read it. The conclusion of the prayer is " then the plaintiff is not entitled to recover." Although the sum conceded to be due is below the jurisdiction of the Circuit Court, yet under the provisions of *Art. 26, sec. 17*, it would have been the duty of the Court, sitting as a jury, to find a verdict for the amount admitted to be due and enter a judgment of *non pros.*, a copy of which verdict and judgment is made conclusive evidence of the debt recoverable. It follows, therefore, that on the conceded testimony the plaintiff was entitled to a *verdict* and hence the prayer asking the Court to declare there could be no recovery was properly refused. There are other objections to the prayer, but what we have said shows there was no error in the ruling of the Court below, and the judgment appealed from will be affirmed.

*Judgment affirmed with costs.*

(Decided November 22nd, 1901.)