# EAGLE, STAR AND BRITISH DOMINIONS INSUR-
## ANCE COMPANY, LTD.

*vs.*

## GEORGE F. MAIN.

*Insurance—False Statement—Insertion by Agent.*

Where the insurer's agent, without asking about incum-
brances on the property, inserted in the policy a false state-
ment in this regard, the insured, by accepting the policy,
adopted such statement, and cannot claim that the insurer was
estopped, by the action of its agent, to assert the falsity of such
statement, both the insurer and its agent being ignorant thereof
until after the loss.

*Decided January 13th, 1922.*

Appeal from the Circuit Court for Washington County
(WAGAMAN, J.).

Attachment proceeding by George F. Main against the
Eagle, Star and British Dominions Insurance Company,
Ltd., as garnishee of Charles E. Wilson. From a judgment
for plaintiff, defendant garnishee appeals. Reversed.

The cause was submitted on briefs to BOYD, C. J., BRIS-
COE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and
OFFUTT, JJ.

*Robert H. McCauley,* for the appellant.

Knowledge on the part of the insured of the terms and
conditions of the policy is inferred from his acceptance
thereof. *Beck v. Hibernia Ins. Co.,* 44 Md. 95, 106; *Balto.
Fire Ins. Co. v. Loney,* 20 Md. 20; *M. & M. Ins. Co. Case*

Argument of Counsel.

(Minn.), 106 N. W. 485, 4 L. R. A. 231; *Syndicate Ins. Co.
v. Bohn,* 65 Fed. 165, 27 L. R. A. 614; *Miller v. Home Ins.
Co.,* 127 Md. 147; *Globe Ins. Co. v. Duffy,* 76 Md. 293, 301;
*Forward v. Prudential Ins. Co.,* 117 Md. 254; *New York
Life Ins. Co. v. Fletcher,* 117 U. S. 519.

The insurer is not estopped from setting up the incum-
brance as a defense by the fact that its agent made no in-
quiry as to incumbrances. *Beck v. Hibernia Ins. Co.,* 44
Md. 95; *Crikelair v. Citizens' Ins. Co.,* 108 Ill. 309; *Wilcox
v. Continental Ins. Co.* (Wis.), 55 N. W. 188; *Wierengo v.
Amer. Fire Ins. Co.* (Mich.), 57 N. W. 833; *McFarland v.
St. Paul Fire Ins. Co.* (Minn.), 49 N. W. 253; *Aetna Insur.
Co. v. Holcomb,* 34 S. W. 919.

*Augustine S. Mason* and *E. R. Roulette,* for the appellee.

The insurer is, under the circumstances, to be charged
with knowledge of the incumbrance at the time of the issu-
ance of the policy, and is consequently estopped from assert-
ing the incumbrance as a defense. *Planters' Mutual Ins. Co.
v. Deford,* 38 Md. 382; *Goebel v. German Assur. Co.* 127
Md. 419; *Harford Fire Ins. Co., v. Keating,* 86 Md. 130;
*Delany v. Fid. & Cas. Co.,* 106 Md. 34; *Mallette v. British
Assur. Co.,* 91 Md. 484; *British & Foreign Marine Ins. Co.
v. Cummings,* 113 Md. 350; *Arthur v. Palestine Ins. Co.,* 56
Pac. 62; *Neher v. Western Assurance Co.,* 82 Pac. 166;
*Koshland v. Harford Fire Ins. Co.,* 49 Pac. 866; *Humble v.
German Al. Ins. Co.,* 116 Pac. 472; *Warner v. Narr. Mutual
Fire Ins. Co.,* 90 Atl. 706; *Doliver v. St. Joseph Fire Ins.
Co.,* 128 Mass. 315; *Dwelling House Ins. Co. v. Hoffman,* 18
Atl. 397; *Continental Ins. Co. v. Munn,* 22 N. E. 78; *Hun-
over Fire Ins. Co. v. Bolin,* 67 N. W. 774; *Morostock v.
Rodefer,* 24 S. E. 393; *Niagara Fire Ins. Co. v. Lane,* 172
S. W. 1090, 185 S. W. 1136; *O'Brien v. Ohio Ins. Co.,* 17
N. W. 726; *Bushnell v. Farmers' Mut. Ins. Co.,* 85 S. W.
103; *Van Kirk v. Citizens' Ins. Co.,* 48 N. W. 798.

ADKINS, J., delivered the opinion of the Court.

This suit is an attachment on a judgment held by appellee, George F. Main, against Charles E. Wilson, in which appellant, the Eagle, Star & British Dominions Insurance Company, Ltd., was returned as garnishee. Wilson is the beneficiary named in an insurance policy, issued by appellant, insuring his automobile against fire and certain other injuries, and the alleged indebtedness of appellant to Wilson grew out of the loss of said automobile by fire.

The plea filed by the garnishee in its own behalf was "that at the time of laying the said attachment in its hands, it had not, nor at any time since has it had, nor has it now, any of the property, goods, chattels or credits of the said defendant in its hands, except the sum of $7.65 which is fully paid into court." The indebtedness admitted is for a premium paid by Wilson. This appeal is from a judgment in favor of the plaintiff against the garnishee.

In the policy, under the head of "Warranties," is this clause: "The following are statements of facts known to and warranted by the assured to be true, and the policy is issued by the company relying upon the truth thereof." Then follow five groups of facts, the third of which is as follows:

"3.   The facts with respect to the purchase of the automobile described are as follows: Purchased by the assured, Mo. 10, year, 1919; new or secondhand, secondhand; actual cost to assured, including equipment, $1,000.00. The automobile described is fully paid for by the assured and is not mortgaged or otherwise encumbered, except as follows: Yes."

Among the conditions are the following:

"2.   It is a condition of this policy that it shall be null and void:

"c.   If the interest of the assured in the property be other than unconditional and sole ownership, or if the subject of this insurance be or become encumbered by any lien or mortgage except as stated in warranty No. 3 or otherwise endorsed thereon."

"Misrepresentation and Fraud—This entire policy shall be void if the assured or his agent has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, or if the assured or his agent shall make any attempt to defraud this company either before or after the loss."

The amount of the policy is $900.

There is no controversy about the fact that at the time the policy was applied for and issued there was a chattel mortgage on the automobile for $600, being for the balance of purchase money, of the existence of which the assured was aware. Nor is it contended that the company or its agent, Mr. Lefevre, knew of this mortgage.

It appears from the undisputed evidence that the agent wrote the word "yes" in warranty No. 3. There is a conflict of testimony as to whether this was done on information received from the assured, the agent testifying that Wilson never disclosed to him the fact that there was a mortgage on the automobile, but told him it was fully paid for; and Wilson testifying that he made no such statement, and that he did not disclose the fact of the encumbrance because the agent did not ask him about it.

The policy was delivered to the assured a day or two after its date, September 2nd, 1920, and the automobile was destroyed by fire on January 17th, 1921.

There are five bills of exception, of which four are to rulings of the trial court on the evidence and one to the ruling on the prayers. It will be necessary to consider only the last.

The sole question to be determined is, did the company waive the warranty and condition within the policy that the property issued was unencumbered, assuming the truth of the testimony offered by appellee that the agent of appellant failed to inquire about the condition of the automobile in reference to encumbrances, but conceding that neither appellant nor its agent had any knowledge of the mortgage,

and is it estopped to rely on the undisclosed mortgage as a defence to the action?

We think this question is answered in the negative by the case of *Globe Ins. Co.* v. *Duffy*, 76 Md. 293, citing with approval *New York Life Ins. Co.* v. *Fletcher*, 117 U. S. 519, and followed by *Forwood* v. *The Prudential Insurance Co.*, 117 Md. 254.

In the *Duffy case, supra,* it was contended by the plaintiff that true answers were given by the assured to the questions in the application, but that the medical examiner, the agent of the company, had written the answers, not as given by the assured, but falsely. Judge McSherry, who wrote the opinion, said: "If the medical examiner was the agent of the company, it surely requires no argument to show that it was not within the scope of his authority to mislead and deliberately impose upon his principal. His agency, from the very nature of the case, was confined to eliciting the truth, and did not extend to substituting falsehood therefor. He was not an agent to procure false answers, but true ones. It cannot be supposed that the company clothed him with authority to perpetrate a fraud upon itself. Notwithstanding this is so, there are many cases in which, to prevent fraud and gross injustice, an insurance company is estopped on grounds of the highest public policy to object that the statements made by its agents beyond the scope of their authority are false. But there must be no complicity on the part of the assured; because, if false answers be written in the application by the agent with the knowledge of the assured, the latter becomes an accomplice and both perpetrate a fraud upon the company. In such a case it is obvious that a recovery could not be permitted upon a policy thus procured. And so, where false answers have been written by the agent without the knowledge of the assured, but the latter has the means at hand to discover the falsehood and negligently omits to use them, he will be regarded as an instrument in the perpetration of the fraud, and no recovery could be had upon the policy."

And in the *Fletcher case, supra,* MR. JUSTICE FIELD, speaking for the Supreme Court, said: "Assuming that the answers of the assured were falsified, as alleged, the fact would be at once disclosed by the copy of the application, annexed to the policy, to which his attention was called. He would have discovered by inspection that a fraud had been perpetrated not only upon himself, but upon the company, and it would have been his duty to make the fact known to the company. He could not hold the policy without approving the action of the agents and thus become a participant in the fraud committed. The retention of the policy was an approval of the application and of its statements. The consequences of that approval cannot after his death be avoided." See also *Beck* v. *Hibernia Ins. Co.,* 44 Md. at p. 106; *Baltimore Fire Ins. Co.* v. *Loney,* 20 Md. 20; *Miller* v. *Home Ins. Co.,* 127 Md. at p. 147; *Loving v. Mutual Life Ins. Co.,* 140 Md. 173.

If it be objected that there is no contention in the case at bar that the erroneous answer in warranty No. 3 was fraudulently written by the agent of the company, but that only negligence is charged, it is sufficient to call attention to the fact that it nowhere appears in the record that the assured was ignorant of the answer written by the agent, and the presumption is that, even if he did not know it at the time it was written, he knew it after he accepted the policy. He does not even claim that he did not know of the erroneous answer. If he knew it, then it was a fraud upon his part not to disclose the error to the agent or to the company, and the cases cited are therefore applicable.

None of the Maryland cases relied on by appellee and cited by the learned trial judge in his very able opinion are in conflict with the *Duffy case, supra.*

In those cases the alleged representations by agents were not as to the existence of facts, but as to their materiality, of which the agent could properly be presumed to be better advised than the insured, or else the fact relied on to vitiate

the policy was peculiarly within the knowledge of or accessible to. the company or its agent, and not .known by the insured. .

In *Goebel* v. *German Amer. Ins. Co.*, 127 Md. 419, the assured was told by the agent of the company, after consultation with the president, that the vacancy of a house under the circumstances that existed in that case would not invalidate the policy.

In *Monahan* v. *Mut. Life Ins. Co.*, 103 Md. 145, this Court was dealing with a representation by the assured, and not a warranty. Besides, the existence of the fact which defendant claimed vitiated the policy was known or ought to have been known by the company, and was not known to the beneficiary. The same is true of the case of the *British, etc., Ins. Co.* v. *Cummings*, 113 Md. 350. See also *Dulany* v. *Fidelity & Casualty Co.*, 106 Md. 34.

As we hold that under the circumstances of this case the company was not estopped to rely upon the condition in the policy which made it null and void if the subject of the insurance be encumbered by an undisclosed mortgage, it follows that the sixth prayer of the defendant, which asked for an instruction that there was no evidence legally sufficient to entitle the plaintiff to recover anything more than the sum of $7.65 admitted by the defendant to be due, and paid into court, should have been granted, and as that prayer was refused, the judgment must be reversed without a new trial. In this view of the case it is unnecessary to discuss the other prayers.

> *Judgment reversed, without a new trial, with costs to appellant.*