# GREAT EASTERN CASUALTY CO.

## vs.

## LOUIS SCHWARTZ.

*Health Insurance—Application—Misstatements of Fact— Action of Agent—Sufficiency of Evidence—Instructions—Notice of Disability—Waiver.*

A misstatement of fact in an application for health insurance, if made in good faith, and if not material to the risk, does not afford a valid defense to a suit on the policy.     p. 457

The questions of falsity, materiality, and good faith, in representations in an application for an insurance policy, are ordinarily to be determined by the jury, and the burden of proof is upon defendant company as to such issues.     p. 457

When facts, as to the materiality of which there may be a legitimate question, are stated by the applicant to the authorized agent of an insurance company, and are disregarded in the application because of his decision that they are not material, the company is estopped to rely upon such facts to defeat a recovery.     p. 457

In an action on a policy of health insurance, it was proper to instruct the jury that the burden was on defendant to prove that plaintiff had tuberculosis when the policy was issued.

p. 457

In an action on a policy of health insurance, by one suffering a total disability by reason of tuberculosis, *held* that a refusal to withdraw the case from the jury was proper, there being evidence that plaintiff did not have tuberculosis when he applied for insurance, that he made the statements in his application in good faith, that he reported that he had received medical attention for bronchitis, that this was not material to the risk and was so treated by defendant's agent who wrote the application, delivered the policy, and collected the premiums, and the evidence not conclusively proving the fact or materiality of a declination of plaintiff's application for life insurance twelve or fifteen years previously.     pp. 457, 458

It was proper to refuse a prayer which segregated a part of the testimony of a witness and utilized it as the basis of a binding instruction.                                             p. 458

In an action on a policy of health insurance, it was proper to refuse defendant's prayer that "bronchitis with spitting of blood" was material to the risk, there being proof that the expectoration of blood had been of short duration, that the bronchitis had not been serious, and had been reported to defendant's agent who solicited and prepared the application, and had been decided by him to be immaterial, it not being for the court to control the judgment of the jury as to the materiality of such facts.                                     p. 458

It was proper to refuse a prayer offered by defendant which set forth the theory that notice of the cancellation of the policy, and tender of repayment of the original and renewal premiums after the plaintiff's claim had been presented, would be sufficient to prevent its enforcement.             p. 458

The evidence not proving conclusively the falsity of the statements in the application and the materiality of the facts on account of which the claim under the policy was resisted, a prayer assuming the materiality of the statements made by plaintiff to defendant's agent but omitted by him from the application was properly refused.                        p. 459

Testimony by plaintiff as to his discovery, after the policy was issued, that he had tuberculosis, and how he learned of that fact, was properly admitted.                            p. 459

In an action on a policy of health insurance, evidence of the acceptance by defendant of a renewal premium payment and the renewal of the policy, and of the writing to plaintiff by defendant of a letter declaring the policy void by reason of misstatements in the application, without however any objection to plaintiff's claim, at that or any earlier time, because of delay in the giving of notice by plaintiff of his disability through illness, *held* to justify the submission to the jury of the question of waiver of objections to the notice on account of delay.                                               p. 460

In an action on a policy of health insurance, it was proper to exclude evidence of the action of another insurance com-

pany, based upon the reports and opinions of its representatives, upon an application for life insurance made by plaintiff to such company after the issuance of the policy in suit.   p. 461

No proffer having been made to show an inconsistency between plaintiff's statements in such application for life insurance and his statements in his application for the policy in suit, *held* that the exclusion of questions as to the application for life insurance did not show cause for reversal.          p. 461

On the cross-examination of a physician, it was proper to exclude questions as to whether his opinion of plaintiff's health at the time of the issuance of the policy in suit would be affected if he were told that other physicians, who had not testified, had reached certain conclusions as the result of their examination of plaintiff at different periods.          p. 462

*Decided June 26th, 1923.*

Appeal from the Court of Common Pleas of Baltimore City (DUFFY, J.).

Action by Louis Schwartz against the Great Eastern Casualty Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, and OFFUTT, JJ.

*Allan Cleaveland,* with whom was *Horton S. Smith* on the brief, for the appellant.

*Herbert L. Grymes* and *Arthur L. Jackson,* for the appellee.

URNER, J., delivered the opinion of the Court.

In the application for the policy of health insurance on which this suit is brought the applicant subscribed to the following statements:

"I am in whole and sound and healthy condition mentally and physically."

"I have not had during the past seven years, nor have I now, any bodily or mental infirmity, defect or sickness."

"I have not during the past seven years been disabled nor received medical or surgical attention or advice."

"No application ever made by me for accident, sickness or life insurance has been declined."

The defense to the suit is that each of the quoted representations was false and material and that the insured is, therefore, not entitled to recover on the policy under the law and in view of the fact that his application contained the following initial clause:

"I hereby apply for a policy to be based upon the following representation of facts. I understand and agree that the right to recovery under any policy which may be issued upon the basis of this application shall be barred in the event that any one of the following statements, material either to the acceptance of the risk or to the hazard assumed by the company is false, or in the event that any one of the following statements is false and made with intent to deceive."

The policy was issued on the day of the application, which was prepared and signed on December 6, 1919. The insurance was against disability resulting from sickness. For a total disability from that cause the policy provided that weekly payments of fifty dollars should be made during a period of not more than one year. There was also a provision for hospital and medical expenses. According to its terms the policy was to expire at the end of twelve months from its date. While it was in force, as the insured claims, he contracted pulmonary tuberculosis, and has suffered a total and continuing disability, caused by that disease, since October 14, 1920. In this action on the policy, to recover the weekly payments, and the expenses for which it provided, the

insured obtained a judgment for $3,250 from which the insurer has appealed.

There is evidence in the record tending to prove that the plaintiff did not have tuberculosis, but was in good health, at the time of the issuance of the policy; that he had formerly had bronchitis, and had expectorated blood occasionally on account of a throat condition, which had been relieved; that in answer to the questions as to his condition then and previously the plaintiff said he had been treated by several doctors for bronchitis, but the agent advised against making any reference to this fact in the application, for the reason that the insurance company did not "consider bronchitis as a serious illness"; and that accordingly the agent wrote on the application form, opposite the printed statements we have quoted, the words "no exceptions," the plaintiff having further stated that he had not previously made any application for accident, sickness or life insurance which had been refused.

It was testified by the defendant's agent who had charge of the transaction that the plaintiff, when his application was being prepared, made no reference to his having been treated for bronchitis, and there was testimony for the defense tending to prove that he had incipient tuberculosis at that time.

The evidence was, therefore, in conflict upon the questions as to whether the plaintiff had tuberculosis when he applied for the insurance, and as to whether the fact that he had received medical treatment for bronchitis was communicated to the defendant's agent and was ignored in the application at his instance and because of his assurance that it was not material. The only proof on the subject of any prior application by the plaintiff for accident, health or life insurance was his own testimony to the effect that about twelve or fifteen years previously he made an application for life insurance, but he could not remember whether he was examined, and he did not afterwards see the agent by whom the insurance was solicited.

The case is subject to the following principles of law, with which the contract between the parties is consistent:

A misstatement of fact in an application for insurance of the kind here considered, if made in good faith by the applicant, and if not material to the risk, does not afford a valid ground of defense to a suit on the policy.

The questions of falsity, materiality and good faith in such representations are ordinarily to be determined by the jury, and the burden of proof is upon the defendant as to such issues.

When facts, as to the materiality of which there may be a legitimate question, are stated by the applicant to the authorized agent of the insurance company, and are disregarded in the application because of his decision that they are not material, the company is estopped to rely upon such facts to defeat a recovery.

These propositions are supported by the cases of *Aetna Life Ins. Co.* v. *Millar,* 113 Md. 686; *Dulany* v. *Fidelity & Casualty Co.,* 106 Md. 17; *Mutual Life Ins. Co.* v. *Mullan,* 107 Md. 457; *Monahan* v. *Mutual Life Ins. Co.,* 103 Md. 145; *Md. Casualty Co.* v. *Gehrman,* 96 Md. 634, and by Code, art. 23, sec. 213.

The sole instruction which appears to have been granted at the plaintiff's request was to the effect that the burden was on the defendant to prove its assertion that he had tuberculosis when the policy of insurance was issued. This was a proper instruction.

The four prayers of the defendant to have the case withdrawn from the jury were rightly refused because of the presence in the record of evidence from which the jury could find that the plaintiff did not have tuberculosis when he applied for the insurance, that he made in good faith the statements contained in his application, that he reported the fact of his having had bronchitis and of having been given medical attention for it, and that it was not material to the risk and was so declared and treated by the defendant's agent who

wrote the application, delivered the policy and collected the premiums, and because the evidence did not conclusively prove the fact or materiality of a declination of the plaintiff's application for life insurance twelve or fifteen years previously as mentioned in his testimony.

The defendant's sixth, seventh, eighth and seventeenth prayers, which the court refused, were sufficiently covered in theory by its fifth, ninth, twelfth and eighteenth prayers, which were granted.

The tenth and eleventh prayers of the defendant were objectionable and properly refused because they segregated a part of the testimony of a witness and utilized it as the basis of a binding instruction that the application for the insurance contained a material misrepresentation.

By the defendant's thirteenth prayer it was proposed to have the jury instructed that "bronchitis with spitting of blood" was material to the risk, notwithstanding the proof to the effect that the expectoration of blood had been of comparatively short duration, and that the bronchitis had not been serious and had been reported to the defendant's agent who solicited and prepared the application and had been decided by him to be immaterial. The trial court was right in declining to control the judgment of the jury as to the materiality of the facts to which this prayer refers.

The fourteenth and sixteenth prayers of the defendant were granted, and its fifteenth prayer, which was refused, set forth the inadequate theory that notice of the concellation of the policy and tender of repayment of the original and renewal premiums after the plaintiff's claim had been presented, would be sufficient to prevent its enforcement.

In addition to the prayers already discussed, which were submitted just before the court adjourned for the day, after all the evidence had been introduced, the defendant offered the next morning six prayers which the court declined to receive at that period of the trial upon the ground that the large number previously filed ought to be sufficient. It is not

necessary to determine whether the court exceeded the limits
of a sound discretion in refusing to receive the additional
prayers under the circumstances, because from our examina-
tion of them, as incorporated in the record by the court's di-
rection, we are of the opinion that none of them could prop-
erly have been granted if they had been considered. Three
of these prayers assume the materiality of the statements
made by the plaintiff to the defendant's agent but omitted
by him from the application. The evidence in the case is not
such as to warrant that assumption as a matter of law. It
does not prove conclusively the falsity of the statements and
the materiality of the facts on account of which the claim
under the policy is resisted, as was the case in *Loving* v.
*Mutual Ins. Co.,* 140 Md. 173; *Eagle, Star & British Domin-
ions Ins. Co.* v. *Main,* 140 Md. 220; *Mutual Life Ins. Co.* v.
*Willey,* 133 Md. 665, and *Forwood* v. *Prudential Ins. Co.,*
117 Md. 254. The other supplemental prayers disregard one
or more of the principles which we have stated as applicable
to the case.

The record contains sixty-six exceptions to rulings on the
admissibility of evidence.

The first three exceptions were taken on the ground that,
without previous proof of agency for the defendant, testi-
mony was admitted as to the acts and statements, when the
plaintiff's application was prepared, of the insurance broker
by whom it was solicited. Proof of the agency appeared in
print upon the application form, which the defendant fur-
nished and which was in evidence when the testimony as to
the agent's conduct and declarations was being introduced.
The agency was otherwise amply proved.

The fourth, ninth, tenth, eleventh and twelfth exceptions
relate to testimony by the plaintiff as to his discovery, about
eight months after the policy was issued, that he had tuber-
culosis, and as to how he learned of that fact. There was no
error in the admission of the testimony on that subject.

It was the purpose of the fifth, sixth, seventh and eighth
exceptions to have the court exclude testimony of the plain-

tiff as to notice of his illness given by him to the agent through whom the insurance had been procured. The notice was given about two months after the plaintiff's illness is said to have originated. The policy called for such a notice within ten days after the commencement of disability from the illness. A formal notice was sent on one of the defendant's printed forms about a month after the informal notice just mentioned. Subsequently a renewal premium payment was accepted from the plaintiff and the policy was renewed for another year. Still later the defendant wrote the plaintiff a letter enclosing the amount of the premiums paid and declaring the policy to be "rescinded and void" on the ground that "various statements" in the application were untrue. No objection to the plaintiff's claim was made at that time, or at any earlier period, because of any delay in the notices which had been received. There was consequently a sufficient basis for the theory that any such objection to the notices had been waived. *M. & M. Trans. Co.* v. *Eichberg,* 109 Md. 211; *Citizens Mut. F. Ins.* v. *Conowingo Bridge Co.,* 113 Md. 430; *Produce Exchange* v. *N. Y. P. & N. R. R. Co.,* 122 Md. 231. The question of waiver was submitted to the jury by an instruction granted at the defendant's own request. In support of the exceptions last referred to it was also urged that the proof was insufficient as to the authority of the broker by whom the notices were received to act as agent of the defendant for that purpose. But we think the evidence of the agency was sufficient.

The thirteenth, fourteenth and fifteenth exceptions relate to interviews of the plaintiff and the agent of the defendant in regard to the action of the latter in declaring the policy rescinded. The rulings on those exceptions appear to be free from error.

Exceptions sixteen to twenty-four, thirty-four, sixty-five and sixty-six raise questions which are not sufficiently important to require separate discussion. No reversible error has been found in any of the rulings to which they refer.

The twenty-fifth, twenty-sixth, twenty-seventh and thirty-fifth to fifty-seventh exceptions relate to inquiries on behalf of the defendant as to the circumstances and result of an application by the plaintiff to another company for life insurance nine days after the issuance of the policy sought to be enforced in this suit. Some of these questions were simply whether the later application was accepted or rejected. It is clear that evidence as to the action of the other company, based upon the reports and opinions of its representatives, was properly excluded. Most of the exceptions of this class were taken because of the refusal of the court below to admit testimony as to what answers were made by the plaintiff to questions about his existing and prior state of health when he made the subsequent application for insurance on his life. This testimony had been taken under a commission and consisted of the depositions of the medical examiner and the medical inspector of the life insurance company. It appears from the answer of the medical examiner to one of the interrogatories, to which no objection was interposed, that the plaintiff represented himself at that time to be in good health. This was entirely consistent with what he said on the same subject in his application for the insurance with which this suit is concerned. If his statements on the later occasion as to his previous physical condition, and the medical treatment he had received, were materially inconsistent with those made at the time of his first application, they would seem to be admissible, when proved by the person to whom they were made, as reflecting upon the plaintiff's credibility. But we are unable to learn from the record that it was proposed to prove such an inconsistency. No proffer appears to have been made to that end, and the portions of the depositions admitted without objection tend to support the opposite theory. As the case is presented by the record no adequate reason is apparent for a reversal of the judgment because of the rulings on the exceptions relating to the plaintiff's subsequent application for other insurance.

The twenty-eighth and twenty-ninth exceptions were to the refusal of the court to permit inquiries, on the cross-examination of a physician, as to whether his opinion on the subject of the plaintiff's health when the policy sued on was issued, would be affected if he were told that other physicians, who had not testified, had reached certain conclusions as the result of their examination of the plaintiff at different periods. The witness was testifying as to his own observation and diagnosis of the plaintiff's condition prior and subsequent to the particular period under inquiry. No error was committed in the refusal to require the witness to adopt conclusions attributed to other physicians.

In its rulings on the thirtieth, thirty-first, thirty-second and thirty-third exceptions the trial court declined to permit what it regarded as unnecessary repetition in the cross-examination of one of the witnesses. These exceptions disclose no sufficient ground for a reversal.

The only remaining exception is the sixty-fourth relating to evidence in rebuttal, which we think was properly admitted.

*Judgment affirmed, with costs.*