# AUTOMOBILE INSURANCE EXCHANGE

*vs.*

## JAMES T. WILSON, JR.

*Insurance—Condition as to Ownership—Car Used for Pleasure—Waiver of Breach.*

Where the application itself remained in the possession of the insurance company, a false statement of fact, not occurring in the application, but contained in what purported to be a schedule of the statements in the application, which purported schedule was attached to the policy and warranted to be true, is on a different footing from a false statement in a copy of an application attached to a policy.            p. 252

That an automobile mechanic, without any business of his own, frequently used his car in connection with his employer's business, never however hiring it or making any profit by its use, does not, as a matter of law, show falsity in a statement by him that the car was used for pleasure.            p. 253

If insured was in fact the rightful owner of an automobile, without incumbrance and in full control thereof, at the time of the inception of the policy, and continuously up to the time it was stolen, there was no breach of his warranty of unconditional and sole ownership merely because for a time the titling of the car indicated a joint ownership with another.            p. 254

The knowledge by the insurer's agent, at the time the policy was written, of the condition of the title to the property insured, constitutes a waiver of a warranty of unconditional and sole ownership.            p. 254

Where there is a breach of warranty or condition precedent by insured, without any actual fraud on his part, he is entitled to a return of the premium paid, even though the amount of the premium is below the jurisdiction of the court.            p. 255

In an action on a policy of insurance on an automobile, where the defendant discovered, soon after the occurrence of the

loss, the breach of a condition as to ownership and of a warranty as to the cost of the car, but instead of repudiating the policy and returning the premium, it retained not only the premium, but also the car, of which it had obtained possession after the loss, it still holding both at the time of the trial, having offered to give plaintiff another car or to pay him part of his claim, and not having denied liability before the institution of the suit, *held* that there was evidence of waiver of each breach.                                                      p. 255

*Decided December 6th, 1923.*

Appeal from the Baltimore City Court (GORTER, C. J.).

Action by James T. Wilson, Jr., against the Automobile Insurance Exchange. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Francis B. Wiers* and *George Ross Veazey,* for the appellant.

*Daniel S. Sullivan,* with whom was *John A. Meyer* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This appeal is from a judgment in favor of appellee for five hundred dollars in a suit on a policy of insurance on an automobile against fire and theft. The amount of insurance was five hundred dollars and was for one year from June 3rd, 1922, to June 3rd, 1923. The date of the policy is June 8th, 1922. The automobile was stolen during the early morning of Sunday, August 20th, 1922; the loss was reported by appellee to the Northeastern Police Station of Baltimore City on the afternoon of the same day, and to the insurance company, the appellant, on the afternoon of the next day. The

car was found some time during Sunday afternoon or night abandoned on Reisterstown road, taken possession of by appellant, and towed to Main's garage on said road. It had been burned but not totally destroyed. Mr. Fisher, an adjuster of appellant, took possession of it, had it stripped, and the parts removed to the upper floor of the garage. He testified at the trial that the car was still in his possession.

Between the date of the theft and the time of instituting this suit, demand for payment of the insurance was made a number of times. The claim was not paid but was never repudiated. In fact it appears in the record, without objection, that appellant offered appellee a car which he refused, and made another offer to pay him three hundred dollars, which was likewise refused. The original declaration in the case, filed October 31st, 1922, contained the common counts. This was subsequently amended by leave of court, by adding a special count on the contract.

Defendant demurred to the original and amended declarations and to each and every count thereof, which demurrer was overruled. We find no error in this ruling. Indeed, no point was made of it either in appellant's brief or oral argument.

General issue pleas were later filed by appellant, and the case was defended on alleged breach of warranties, and on a provision of the policy that it should be rendered null and void if the interest of the insured was or should become other than unconditional and sole ownership, it being contended that appellee did not have such ownership at the time the policy was applied for and written. Attached to the policy is a "schedule of statements," alleged to have been made by appellee in his application.

There is a provision in the policy that it is issued "in consideration of the premium therefor, * * * and of the statements which are set forth in the schedule of statements and which the assured by the acceptance of this policy makes and warrants to be true."

Two of the statements appearing in the "Schedule" are alleged to be untrue, viz: 1. Car used for pleasure only; 2. Cost to assured $775. Of these the second was, from all the evidence, undoubtedly untrue. The testimony of appellee himself shows that the total amount he had invested in the car was only $452.28. He denies that he made the alleged representation as to the cost. As to the first, it is to be observed that the word, "only" was incorrectly added in the schedule made out by the company. It does not appear in the written application of appellee, filed by appellant as an exhibit in the case. As this application was in the possession of the company, the inaccurate statement in the schedule is on a different footing from the assumed false statement appearing in a copy of the application attached to a policy in the *Fletcher* case, 117 U. S. 519, cited in the *Main* case in 140 Md. 220. In the *Fletcher* case the falsification was alleged to have been made by an agent of the company, and it appeared in the original application made out by the agent, and the alleged true statement made by the insured to the agent does not appear to have been known to the company.

The claim by appellant that the car of appellee was used for business purposes is based on the following testimony of appellee: Q. You worked for the Tip Top Bottling Company? Ans. I was. Q. You sometimes took the car out for them, didn't you? Ans. Sure, lots of times. Q. You used that for business as well as pleasure, didn't you? Ans. Yes, that is pleasure and business both.

Appellee was an automobile mechanic and had no business of his own. It does not appear that he ever hired the car or made any profit by the use of it. Most of the cases cited by appellant in this connection are cases where passengers were carried for hire, or profit was made by the use of the car in business.

It certainly could not be held as a matter of law, in the circumstances of this case, that the statement in the application, that the car was used for pleasure, was untrue, simply

because, in attending to his work as an employee, appellee sometimes used the car and frequently took his employer out for a ride, in the absence of anything to show that he received compensation for it. If so, no man engaged in business who occasionally used his car to go to his place of business or for any errand he might have during the day, although such use was merely incidental, and these occasions were opportunities for deriving pleasure from the ownership of the car, could safely insure his automobile as "used for pleasure."

It is indeed questionable whether this warranty should be construed as being more than a representation *in praesenti,* but it is not necessary to decide that here. See *United States Fire and Marine Ins. Co.* v. *Kimberly,* 34 Md. 224; 26 *C. J.* p. 203, sec. 249.

In considering the contention of appellant, that the interest of appellee was other than unconditional and sole ownership and that, therefore, under its terms the policy was null and void, the testimony of appellee, for the purposes of the exceptions in this case, must be taken as true. He testified as follows: That he and a friend of his named Acree planned to buy the car together, but Acree had no money, so appellee paid for it and took the receipt in his own name, but had the car titled in the name of himself and Acree. The car was purchased on March 22nd, 1922. Acree intended to buy an interest in the car later on. He was to be allowed to use the car and to become a part owner of it after he made a payment, but he never made any payment on the car, and never had any use of the car, and never acquired any interest in it. At the time the insurance was taken out Mr. Leland, who, as agent of the company, wrote the policy, was shown the title and knew at that time the car was titled in the two names. On August 18th, 1922, two days before the car was stolen, the title was put in the name of appellee alone. In order that a change of titling might be made Acree signed a transfer to appellee.

If appellee was *in fact* the rightful owner of the car, without incumbrance and in full control of it, at the inception of the policy and continuously up to the time it was stolen, there was no breach of the warranty as to ownership even though for a time the titling of the car indicated a joint ownership. 26 *C. J.* 172; *Washington Fire Ins. Co.* v. *Kelly*, 32 Md. 421; *Wineland* v. *Security Ins. Co.*, 53 Md. at p. 284; *Hartford Fire Ins. Co.* v. *Keating*, 86 Md. 130.

There is nothing in *Ledvinka* v. *Home Ins. Co.*, 139 Md. 434, cited by appellant, in conflict with this. But even if that were not so, the knowledge by appellant's agent of the condition of the title at the time the policy was written would constitute a waiver.

This precise question was decided in *Hartford Fire Ins. Co.* v. *Keating*, 86 Md. 147, where it was said that the clause providing that "no officer, agent or other representative of the company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be endorsed hereon or added hereto, etc., does not apply to the making of the contract but to the provisions of the contract itself *after it has gone into effect*. In that case, as in this, it was testified that the agent issuing the policy knew the condition of the title, and his knowledge was imputed to the company.

The decisions in *Ledvinka* v. *Home Ins. Co., supra*, and in *Eagle etc. Ins. Co.* v. *Main*, 140 Md. 220, were based upon an entirely different state of facts. In the former it was held that if the statement, alleged to have been made to the agent by the insured, was in fact made to him, it was of such a character that the insured must have known it would not be reported by the agent to his company, and therefore the insured was participating in a fraud against the company.

In the *Main* case it was admitted that the agent was not told of the existence of an incumbrance and inserted in the application a false statement in this regard in ignorance of its falsity.

But apart from what has been said above, and assuming, for the sake of the argument, there was a breach of the condition as to ownership; and disregarding any waiver by the agent at the inception of the contract, there was evidence of a waiver by the company of such breach, and also a waiver of the breach of warranty as to the cost of the car, by its conduct after it discovered these alleged breaches. The statement, filed by appellee on August 23rd, 1922, showed that the cost of the car was not $775, and its investigation by detectives and otherwise must have disclosed the condition of the title as of the date of the policy. And yet so far from repudiating the policy and returning the premium when it discovered these things, it retained not only the premium but the car itself and still held both at the time of the trial; having previously offered to give appellee another car or to pay him $300, and not having denied liability before the institution of the suit. Such conduct was inconsistent with the contention now made that the policy was void *ab initio.* *Rokes* v. *Amazon Insurance Co.,* 51 Md. 512; *Hartford Fire Ins. Co.* v. *Keating, supra; Dulany* v. *Fidelity & Cas. Co.,* 106 Md. 17; *Bakhaus* v. *Caledonian Ins. Co.,* 112 Md. 676; *Fidelity & Cas. Co.* v. *Dulany,* 123 Md. 486.

But even if the objections of appellant as to the ownership and as to the cost of the car were both valid, in the absence of actual fraud on the part of appellee, he was entitled to a verdict for the amount of the premium paid.

Where there is a breach of warranty or condition precedent by insured, without any actual fraud on his part, the premium must be returned. 26 *C. J.* p. 128, sec. 148; *German Fire Ins. Co.* v. *Clarke,* 116 Md. 622; 32 *L. R. A. N. S.,* 298 and note. And this, though the amount of the premium was below the jurisdiction of the court. *William* v. *Fredlock Mfg. Co.,* 94 Md. 111.

The single bill of exception in the record is to the refusal to grant appellant's first, second, third, fourth and sixth prayers.

The first four prayers asked for an instructed verdict because of lack of evidence legally sufficient under the pleadings; lack of legally sufficient evidence, because of the alleged use of the car for business, and because appellee did not correctly furnish appellant with the actual cost of the automobile.

The sixth prayer based a verdict for the defendant solely on the finding by the jury that appellee did not furnish appellant with the correct cost of the car, without submitting the question of waiver, and without providing for the recovery of the premium.

There was, in our opinion, no error in the refusal of these prayers, and the judgment must be affirmed.

*Judgment affirmed, with costs to appellee.*