RYAN, Appellant, vs. OLSON, imp., Respondent.

*February 14—March 11, 1924.*

*Municipal corporations: Contracts of village board: Officers interested in sale of land: Validity of transaction: Pleading: Action to rescind sale: Officers as parties: Taxpayer's action: Demand that village bring action: Presumption.*

1. Where the president of a village is directly or indirectly interested in a contract for the sale of property by the village, in violation of secs. 61.33 and 4549, Stats., the transaction is void. p. 292.
2. The interest of a village president in a conveyance of land by the trustees at a grossly inadequate price constitutes fraud, for which a taxpayer, if the property has been transferred to an innocent purchaser, can recover damages from such officer in a suit to rescind the conveyance, where the complaint also prays for such further relief as the court deems just and equitable. p. 293.
3. Under sec. 2603, Stats., the village president is a proper party defendant to the suit to rescind the conveyance, especially since the action is in equity, and since if he is joined as defendant the plaintiff is enabled to examine him under the discovery statute and to call him adversely on the trial under sec. 4068. p. 293.

4. In such taxpayer's suit plaintiff must allege due demand and refusal of the village to bring the action or that such demand would be a mere idle ceremony.   p. 294.
5. The village board and its president in office when the alleged fraudulent conveyance was executed will be presumed to have been in office when the summons and complaint were served, until the contrary is shown.   p. 294.

APPEAL from an order of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed in part; reversed in part.*

The appeal is from an order sustaining a demurrer to the plaintiff's complaint.

The complaint alleges that the plaintiff is a taxpayer and resident of the village of Kilbourn City, and that he brings this action in his own behalf and in behalf of all other persons similarly situated; that during the times mentioned in the complaint the defendant *Olson* was president of the village, the defendant *A. W. Luettgerodt* the village clerk, and the defendants *Helland, Field, Arntz, Wirtz, Pribbenow,* and *Mechler* members of the village board; that on the 21st day of March, 1923, the said board and the members thereof fraudulently conspired to procure for the defendant *Stanton,* from said village, a transfer of certain property lying along the Wisconsin river at a grossly inadequate price; that the defendant *Helland* participated in and conducted all negotiations for said *Stanton,* and was directly interested in the sale of such property to him; that the defendant *Olson* was indirectly interested in securing such conveyance, assisted in securing the execution of the deed, and that by reason of the improvident and fraudulent action of the village officers, and the interest therein upon the part of the said *Helland* and said *Olson,* said sale, which was actually consummated on said date, was and is wholly void.   The action is brought to rescind such conveyance and to direct the village to repay to said *Stanton* the amount of the purchase price.

The defendant *Olson* interposed a demurrer upon two

grounds: first, that the complaint does not state facts suffi-
cient to constitute a cause of action; and second, that the
plaintiff has no legal capacity to sue.   The court overruled
the demurrer upon the first ground stated, but sustained
the demurrer on the second ground.   The defendant *Olson,*
pursuant to sec. 3049*a*, Stats., demands a review of the
order of the court overruling the demurrer on the first
ground.   Both grounds of demurrer are therefore up for
consideration by this court on the appeal.

For the appellant there was a brief by *Rogers & Rogers*
of Portage, and oral argument by *H. B. Rogers.*

For the respondent the cause was submitted on the brief
of *Grady, Farnsworth & Walker* of Portage.

DOERFLER, J.   Did the court commit error in overruling
the demurrer upon the ground alleged that the complaint
does not state facts sufficient to constitute a cause of action?
Under sec. 61.33, Stats., no trustee shall in any manner be
directly or indirectly interested in any contract with the
village, and by sec. 4549 such a transaction is made a mis-
demeanor.   Sec. 61.33 is a mere declaratory statute.   As
president of the village, the defendant *Olson* was charged
with the duty of representing and promoting the interests of
the village.   As an individual, his interest in the transaction
would tend to swerve him from that undivided loyalty and
devotion which he owes to the village as one of its officers.
Under such circumstances the transaction becomes void.
*Edward E. Gillen Co. v. Milwaukee,* 174 Wis. 362, 183
N. W. 679; 22 Ruling Case Law, p. 460, § 121; *Webster v.
Douglas Co.* 102 Wis. 181, 77 N. W. 885, 78 N. W. 451.

The defendant *Olson* contends that he is not a necessary
or proper party to the action; that no relief is prayed for as
against him; and that therefore the demurrer on the first
ground above stated should have been sustained.   As will
appear from the foregoing statement of facts, the com-
plaint alleges that *Olson* is indirectly interested in such

transaction. Such interest, under the circumstances alleged, constitutes fraud. While the primary relief prayed for is a rescission and the return of the consideration on the part of the village, the complaint also contains the usual prayer in equitable actions, for such further relief as the court may deem just and equitable. It is possible that upon the trial of the action it may appear from the evidence that the remedy by rescission will not be available or practicable, for the reason that without the knowledge of the plaintiff the property in the meantime may have been transferred to an innocent purchaser. Assuming that to be the case, a court of equity would not be remediless, but, having taken jurisdiction of the action, would have power to award damages to the plaintiff. The defendant *Olson* being charged with the commission of a fraudulent act, and it being alleged that he participated therein, the court could award damages against him. At any rate, it being alleged in the complaint that he is interested in the transaction, under the provisions of sec. 2603 he was made a proper party defendant, and particularly is this so in view of the fact that this action is one in equity. *Patten P. Co. v. Kaukauna W. P. Co.* 70 Wis. 659, 35 N. W. 737. Furthermore, by virtue of the discovery statutes, a valuable right would accrue to the plaintiff in enabling him to examine the defendant adversely both before and after pleading, and particularly is this so under the provisions of sec. 4068, pursuant to which he may as a party be called adversely on the trial.

We therefore conclude that while the defendant *Olson* is not a necessary party, nevertheless he is a proper party, and that the court properly overruled the demurrer of such defendant on the first ground stated.

Did the court err in sustaining the demurrer upon the second ground, viz.: that it does not appear from the complaint that the plaintiff has legal capacity to sue? The complaint expressly alleges that on the 21st day of March, 1923, when the transaction complained of took place, certain of

the defendants were trustees of the village, and that the defendant *Olson* was its president. The summons in this action was served upon the 3d day of April, 1923, and the complaint was not served until some time thereafter. On the day of the service of the summons a village election for a new board and a president ensued. There is no express allegation in the complaint that the trustees and the president of the village who were in office on the 21st day of March were also in office on the 3d day of April, when the summons was served, and at the time when the complaint was served. In the opinion of the court it is stated that in the interim between the 21st day of March and the 3d day of April such changes may have taken place in the officers and trustees of the village as to make the village the only proper party to bring this action. The rule is well recognized that a plaintiff in a taxpayer's suit must either allege that due demand was made of the village to bring the action and a refusal to comply with such demand, or that a situation exists which would make such demand a mere idle ceremony. The village board being in office on the 21st day of March, 1923, and the defendant *Olson* at that time being its president, under the law such situation will be presumed to continue until the contrary is shown. *Barker v. Western Union Tel. Co.* 134 Wis. 147, 114 N. W. 439; *Ellis v. State,* 138 Wis. 513, 119 N. W. 1110; 10 Ruling Case Law, p. 872, § 15, and numerous cases cited in note 17.

We therefore hold that it appears from the complaint that the plaintiff had legal capacity to sue, and that the lower court was in error in sustaining the demurrer on the second ground interposed.

*By the Court.*—The order of the court overruling the demurrer to the complaint upon the first ground, that the complaint does not state facts sufficient to constitute a cause of action, is affirmed; and the order of the court sustaining the demurrer upon the ground that the complaint does not

show that the plaintiff has legal capacity to sue, is reversed; and the cause is remanded with directions to enter an order in accordance with this opinion, and for further proceedings according to law.