McGOVERN, Trustee, Appellant, vs. KRAUS and wife, imp.,
Respondents.

*March 10—April 5, 1927.*

*Bankruptcy: Actions by trustee: Bankrupt not proper party: Trus-
tee as representative of all interested parties.*

1. Where a trustee in bankruptcy succeeded to all the rights of
   the bankrupt, the bankrupt, having no interest in the prop-
   erty, had none in the trustee's causes of action arising there-
   from so as to make him a necessary or proper party defendant,
   the trustee representing both the creditors and the bankrupt
   in conserving the estate. p. 565.
2. A person may not be made a party defendant who has parted
   with all interest in the subject of the action simply to aid in
   discovery as an adverse witness. [*Ryan v. Olson,* 183 Wis.
   290, explained.] p. 565.

APPEAL from an order of the circuit court for Vernon
county: R. S. COWIE, Circuit Judge. *Affirmed.*

For the appellant there were briefs by *Grady, Farnsworth
& Walker* of Portage, and oral argument by *Daniel H.
Grady.*

For the respondents there was a brief by *Kopp & Brunck-
horst* of Platteville, and oral argument by *A. W. Kopp.*

CROWNHART, J.    This case involves the same complaint
considered in the same entitled case, decided herewith in an
opinion by Mr. Justice DOERFLER (*ante,* p. 558).    Here
there is a demurrer by the respondents, *Kraus,* to the second
and third causes of action sought to be stated in the com-
plaint against said defendants.    The circuit court entered an
order sustaining the demurrers, and plaintiff appeals.

The question presented is whether or not the respondents,
*Kraus,* have an interest in the second cause of action suffi-
cient to constitute them necessary or proper parties defend-
ant therein.    As to the third alleged cause of action, we
have held in the companion case cited that no cause of
action was stated, and that disposes of that contention.

Also, we have held in the companion case cited that the plaintiff, as trustee in bankruptcy, succeeded to all the rights of the defendants *Kraus*. It follows that the defendants *Kraus,* having no interest in the property, have no interest in the causes of action. No relief is demanded in the two causes of action against such defendants.

It is contended by the appellant that the defendants *Kraus* are proper parties though not necessary parties, for two reasons: first, that if plaintiff prevails, the estate of the trustee may be so enhanced as to make possible a residuum for the bankrupt after payment of all creditors; and second, that the plaintiff has the right to make the *Krauses* parties in order to secure to the trustee the right of adverse examination of them. These contentions are inconsistent. As to the first contention it should be said that the trustee represents both the creditors and the bankrupt in conserving the estate, and on the second contention it is inconsistent to claim any interest in the estate by the *Krauses* and at the same time to charge that they are adverse parties to the action.

On the second contention of appellant, reliance is had on *Ryan v. Olson,* 183 Wis. 290, 197 N. W. 727. An examination of that case reveals the fact that the defendant, Olson, was an adverse party as a matter of fact, and the circumstances were quite different than in the instant case. It was not there held that a person could be made a party defendant who had parted with all interest in the subject of the action, simply to aid in discovery as an adverse witness. In the *Ryan Case, supra,* it was held that judgment for damages might be rendered against the defendant, Olson, which made him a proper party, and the complaint alleged that the defendant had an interest in the cause of action adverse to plaintiff. Here there can be no judgment against the *Krauses,* and there is no allegation of adverse interests in them.

*By the Court.*—The order of the circuit court is affirmed.