GILMER, Appellant, vs. WILCOX and another, imp.,
Respondents.

*October 11—November 8, 1927.*

Bankruptcy: Jurisdiction of federal court over assets: Action by
creditor to compel payment of stock subscriptions.

1. A creditor of a bankrupt corporation who filed his unsecured
   claim in the bankruptcy proceedings and became a party
   thereto must first apply there for relief as against the assets
   of the bankrupt, which are primarily and exclusively subject
   to the jurisdiction of the federal court.  pp. 108, 109.
2. Where his complaint clearly indicates that no application was
   made in the federal court to have the trustee authorized or
   directed to institute proceedings, such creditor cannot main-
   tain an action in the state courts under sec. 286.21, Stats., for
   the purpose of compelling stockholders to pay the amounts
   due for their subscriptions.  p. 110.

APPEAL from a judgment of the circuit court for Oconto
county: W. B. QUINLAN, Circuit Judge.  *Affirmed.*

The respective demurrers of the defendants *Wilcox* and
*Kubiak* to the complaint were sustained below.

The complaint alleges the organization of the defendant
Suring Manufacturing Company in February, 1921; that
defendants *Wilcox* and *Kubiak* each subscribed for fifty
shares of the par value of $100, each paying to the company,
however, on such respective $5,000 subscriptions but $2,500.

That between January and May, 1922, and after such
subscriptions, the plaintiff sold logs to the company amount-
ing to the sum of $1,591.76, upon which nothing has been
paid; that thereafter, upon due proceedings had, the company
was declared bankrupt and the defendant McComb appointed
and qualified as trustee.  That there are no assets out of
which to pay any judgment the plaintiff may obtain, outside
of the alleged liability of *Wilcox* and *Kubiak* for the unpaid
balance of their subscriptions, and that the corporation is
wholly insolvent.

That the defendant trustee has made no effort and does

not contemplate taking any action to enforce such alleged liability and is not willing to go to any expense to recover the same, inasmuch as none of the creditors have advanced any money therefor after his request in that regard. That the trustee is opposed to employing attorneys to bring an action upon any contingent-fee arrangement and that the estate of the bankrupt has no funds wherewith to pay such expense.

That the plaintiff here has filed his claim for the amount stated above; that it has been duly allowed in said proceedings but nothing paid thereon.

That plaintiff brings this action for the purpose of compelling the two defendants to pay the amount due on their subscriptions as required by sec. 286.21, Stats.

Apparently there was no appearance for the defendant company or the trustee. Leave was granted to plaintiff to amend; such not being done, judgment was thereafter entered dismissing the complaint with costs. Plaintiff appeals.

For the appellant there was a brief by *Winter & Winter* of Shawano, and oral argument by *P. J. Winter.*

*John B. Colignon* and *W. B. Surplice,* attorneys, and *Robert A. Kaftan,* of counsel, all of Green Bay, for the respondents.

ESCHWEILER, J. The plaintiff here filed a claim for an unsecured contract obligation, not reduced to judgment, in bankruptcy proceedings in the federal court. In and by such bankruptcy proceedings all the assets, including the claim sought to be maintained by the plaintiff here, became subject to the primary and exclusive jurisdiction of the federal court until at least in some manner such assets or some part thereof had been renounced. Having, therefore, submitted his own claim to the jurisdiction of such federal court, and the right to pursue and collect all possible assets of the bankrupt company being by law now in the same federal court, it is to that court that application must be first

made and relief exhausted or denied before the state courts can or should entertain jurisdiction of such matters.

That the trustee in such bankruptcy proceedings succeeds to all the rights of the bankrupt as to its assets, including claims such as this, cannot be questioned. *McGovern v. Eckhart,* 192 Wis. 558, 561, 213 N. W. 332; *McGovern v. Kraus,* 192 Wis. 564, 565, 213 N. W. 334; *Miley v. Heaney,* 168 Wis. 58, 90, 169 N. W. 64.

In *U. S. F. & G. Co. v. Bray,* 225 U. S. 205, 32 Sup. Ct. 620, it is held that the proceedings therein, including the supervision and control of the trustee, are intended by the bankruptcy act to be exclusive of all other courts (p. 217), and that such courts and they alone must proceed to final settlement and distribution in a summary way and are not at liberty to surrender such exclusive control to another tribunal (p. 218). *Acme H. Co. v. Beekman L. Co.* 222 U. S. 300, 307, 308, 32 Sup. Ct. 96, is to the same effect. The holdings of these respective decisions have been approved in such cases as *Taylor v. Voss,* 271 U. S. 176, 181, 46 Sup. Ct. 461; *Lazarus v. Prentice,* 234 U. S. 263, 266, 34 Sup. Ct. 851; *White v. Stump,* 266 U. S. 310, 313, 45 Sup. Ct. 103; *May v. Henderson,* 268 U. S. 111, 117, 45 Sup. Ct. 456; and *Meek v. Centre County B. Co.* 268 U. S. 426, 429, 45 Sup. Ct. 560. In the case of *In re American & British Mfg. Corp.* 300 Fed. 839, a full discussion of the subject is had.

The complaint not only fails to show that application was made in the bankruptcy proceedings to have the trustee authorized or compelled to institute proceedings to collect on any possible liability of the two individual defendants for such unpaid balances, but it clearly negatives the idea that any such application was there made.

The plaintiff here, by filing his claim in the bankruptcy proceeding and becoming a party thereto, clearly should have there first applied for relief as against assets within the exclusive jurisdiction of that court.

What the rights of the plaintiff might have been as against the two defendant stockholders if, prior to the bankruptcy proceeding, or subsequent, but without participating and in disregard of such bankruptcy proceeding, the plaintiff had pursued the remedies under ch. 286, Stats.,—either under sec. 286.21, specially relied upon in the complaint, *supra,* which statute requires a court in which a judgment shall have been rendered in an action where the corporation, its directors, officers, or stockholders are parties, to proceed to ascertain the respective liabilities of such individuals, the present property of such corporation being insufficient to discharge its debts; or under sec. 286.18, here now first asserted, which permits the creditor of a corporation to maintain an action in the circuit court making, if desired, the corporation a party, where he seeks to charge the directors, trustees, or stockholders on account of any such liability created by law,—is in no proper manner now before us.

The respective demurrers on the ground that the complaint does not state facts sufficient to constitute a cause of action were properly sustained.

*By the Court.*—Judgment affirmed.