CHARLES E. WIGINGTON, APPELLANT, V. OCEAN ACCIDENT & GUARANTEE CORPORATION, APPELLEE.

FILED JULY 11, 1930. No. 27204.

*Sidney W. Smith* and *Lower & Sheehan,* for appellant.

*Kennedy, Holland, De Lacy & McLaughlin, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

THOMPSON, J.

In the trial court Wigington, appellant herein, sought recovery against appellee, the Ocean Accident & Guarantee Corporation, Limited, hereinafter called insurance company, on a judgment obtained against one Crawford, basing such claimed right of recovery against the insurance company on the provisions of a certain automobile liability policy of insurance issued by it to the Omaha Paint & Glass Company, a corporation doing business in the city of Omaha, hereinafter designated paint company. Judgment having been entered in favor of the insurance company, Wigington appeals.

In addition to the above, it may be stated that at the times here involved Charles S. McGill was the vice-president and city salesman of the paint company; that his wife was the owner of a Buick automobile, the license for which was is-

sued in her name, and the engine number thereof was 1034193; that McGill in the course of his employment at times used this automobile, which latter when not so in use was kept at the home of the McGills, and was used by them as a family car; that prior to the date of the accident, which formed the basis of the action in which the judgment was rendered against Crawford, the paint company, through one of its agents, applied to the insurance company for an automobile liability policy of insurance to cover numerous automobiles, including the above Buick, giving complete description of the cars, together with their respective engine numbers, for which coverage was sought, which description and numbers were to be, and were, specifically designated in the policy issued. However, it may be said that there is nothing in the policy which in any manner indicates that any one other than the paint company owned or claimed to own any of the automobiles so insured. Further, the insurance company did not learn of the McGill ownership of this Buick automobile until after the accident happened. Then, the policy contains the positive statement that the automobiles insured were owned by the paint company. As we view this insurance contract, at best, the insurance coverage thereunder is limited to the property of the paint company, save and except the Buick automobile here in question, and to it only during the time it is in the company's use.

After the issuance of the policy, the aforementioned Crawford, in no manner connected with the McGill household or with the paint company, went to Mrs. McGill and asked her if he could have her automobile to take his mother to a banquet, a picture show, and then to her home. Mrs. McGill answering that he could, he took the car, without having obtained permission of the assured, and while on this mission he met with the accident in question, in which the above mentioned Wigington was seriously injured. Afterwards Crawford was sued by Wigington, who recovered judgment against him for the sum of $8,000. It might be well to state that in such action, so far as the record discloses, the insurance policy was not mentioned in the plead-

ings or at the trial. Thereafter Wigington caused execution to be issued, which, after diligent investigation, was, by the officer entrusted therewith, returned "no property found," and Wigington procured garnishee summons to issue against the insurance company, which latter proceeding forms the gravamen of the instant action.

It is urged by appellant, in substance, that under the terms of the policy Crawford was the "assured" or an "additional assured," and in either case appellant, by virtue of his judgment against Crawford, is entitled to recover thereon of the insurance company.

As to this contention: Considering the record in its entirety, we are impelled to conclude that Crawford, under the terms of the policy, was not the "assured," and neither was he an "additional assured," and therefore appellant is not entitled to such recovery.

It is further contended, however, that the insurance company, by reason of the position that it took in the trial of the case of Wigington v. Crawford, is estopped from asserting or attempting to prove that Crawford was not an "assured." With reference to this: The record discloses in such original action that the insurance company was not made a party, the sole and only parties to that action being Wigington, plaintiff, and Crawford and Charles S. McGill, defendants; that separate answers were filed for each of such defendants, and that at the close of the plaintiff's evidence the court directed a verdict in favor of McGill, and the case proceeded to trial to a jury as to Crawford, and verdict was returned in favor of Wigington for the sum of $8,000, on which judgment was rendered against Crawford. It also appears that the insurance company did hire and pay the attorney who defended Crawford, as well as the attorney who represented McGill. Further, it appears that at the trial of the instant case there was introduced in evidence a stipulation signed by Crawford, which contained certain provisos reflecting the situation of the parties to that action, and also the insurance company's relation thereto. Such stipulation contains the following agreement:

"Now therefore, the undersigned, Ralph Crawford, agrees

with the said insurance company that it may be authorized to employ attorneys to defend him and to file pleadings on his behalf, it being understood that the said Ralph Crawford has no insurance and that by the fact of the said company employing counsel to defend him, no inference as to any additional liability is to be had, and it being understood that in the event judgment is obtained against the said Ralph Crawford, the said Ocean Accident & Guarantee Corporation, Limited, shall not be obligated to pay any part thereof, and shall not be obligated to appeal said judgment, it being understood that this defense offered by the said insurance company is a gratuity because of the fact that they are also defending the said Charles S. McGill."

By these disclosures it is apparent that all but Wigington had notice of the fact that the insurance company was furnishing the attorney for Crawford, and the manner thereof as indicated by the last above quotation.

Under the terms of the policy it was made the duty of the insurance company to appear and defend McGill in the case of Wigington v. Crawford, to the extent of his interest under the policy, even if such interest is limited as hereinbefore suggested, and this notwithstanding such case should be found to be groundless as to him.

As to the insurance company's interference by way of furnishing an attorney in behalf of Crawford, he not having been an "assured," such interference could not give rise to an estoppel as herein contended.

All claimed errors presented have had our consideration. The judgment of the trial court is

AFFIRMED.