LOCKE, Appellant, vs. GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD., and another, Respondents.

*March 16—April 12, 1938.*

490

For the appellant there was a brief by *Wiley, Wiley & Wiley* of Chippewa Falls, and oral argument by *Marshall Wiley*.

For the respondent General Accident Fire & Life Assurance Corporation, Ltd., there was a brief by *W. H. Stafford* and *Harold E. Stafford,* both of Chippewa Falls, and oral argument by *Harold E. Stafford*.

For the respondent Harry Larson there was a brief by *Marshall Norseng* of Chippewa Falls.

MARTIN, J.    The respondent, General Accident Fire & Life Assurance Corporation, Ltd., on July 9, 1932, issued the policy in question to its corespondent, Harry Larson, owner of the automobile involved in the collision in question.    The policy contained the following provision:

"B.  *Additional Assureds.*   The insurance provided by this policy is so extended as to be available, in the same manner and under the same provisions as it is available to the named assured, to any person or persons while riding in or legally operating any of the automobiles described in the declarations or to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured, or if the named assured is an individual, with the permission of an adult member of the named assured's household other than a chauffeur or a domestic servant, except that the extension provided for in this condition shall not be available to" a public garage or a purchaser, etc.

It appears that on July 5, 1933, the respondent, Harry Larson, permitted one P. L. Leach to use his car in going from Chippewa Falls to Albert Lea, Minnesota, and back to Chippewa Falls with the wife and minor child of said Leach, a trip which Leach desired to make for his own accommodation.   Leach accompanied by his wife and son left Chippewa Falls on July 5, 1933, and drove to Minneapolis.   The wife and child remained in Minneapolis, and Mr. Leach drove on to Albert Lea, Minnesota.   He returned to Minneapolis the following day and there purchased a new car of his own. On July 7, 1933, Leach asked his brother-in-law, Carl Mortenson, to drive the Larson car from Minneapolis to Chippewa Falls.   They all started for Chippewa Falls, Leach driving his new Ford, and Mortenson driving the Larson car, Leach's wife and son riding with Mortenson.   On this

trip from Minneapolis to Chippewa Falls, the Larson car, being driven by Mortenson, became involved in the collision with the plaintiff's car, out of which collision this action arises.

The appellant contends that the trial court erred in its conclusion of law that the insurance coverage afforded by the "omnibus clause" of the policy was not available to the appellant.

Provision B of the policy, above quoted, is in accord with the requirements of sec. 204.30, Stats. 1931. The meaning of the policy as to extent of coverage must be determined by its own provisions and by sec. 204.30 (3) of the statutes. There is no conflict between the policy provisions and the provisions of the statute. The statute provides, sec. 204.30 (3), Stats. 1931:

". . . The coverage hereby afforded shall not apply unless the riding, use or operation above referred to be with the permission of the assured named in this policy, or if such assured is an individual, with the permission of an adult member of such assured's household other than a chauffeur or domestic servant. . . ."

Appellant's first contention is based upon the statutory provision:

"Such indemnity shall also extend to any person, firm or corporation legally responsible for the operation of such automobile,".

and upon the similar provision in the policy. In this connection, appellant argues that on being given permission to use the car to go to Albert Lea and return, Leach became a person "legally responsible" for the operation of the Larson car; that he was legally liable for the negligence of his agent, Mortenson; and that because of this liability, Leach would have been entitled to claim the indemnity afforded by the policy, and therefore under the statutory provision plaintiff

is entitled to claim directly the benefit of the insurance. In other words, appellant contends that the statute should be so interpreted because of the phrase, "legally responsible," so as to cover, not only the person to whom the car is given by the named assured and who is operating the car within the terms of the bailment, but also any agent of the original bailee in the operation of the car. The operation by Mortenson was without the knowledge or consent of Larson, the owner and named assured. The two provisions of the statute must be read together.

In *Cullen v. Travelers Ins. Co.* 214 Wis. 467, 253 N. W. 382, a special driver's license under sec. 85.08 (1a), Stats., had been issued to the driver who was under sixteen years of age, making the parents legally responsible for his negligent operation of the car. Plaintiff, in this action, claimed that the policy covered the parents because of the provision in sub. (3) of sec. 204.30:

"Such indemnity shall also extend to any person, firm or corporation legally responsible for the operation of such automobile."

At page 470 the court said:

" 'Such indemnity shall also extend to any person, firm or corporation legally responsible for the operation of such automobile.' However, neither of those provisions effected any enlargement or change in the coverage afforded by the policy as to any person entitled to the indemnity afforded thereby."

In *Bro v. Standard Accident Ins. Co.* 194 Wis. 293, 215 N. W. 431, the jury found that the defendant, Nicol, was operating the automobile at the time of the accident with the permission of Emmett Moran, who was an adult member of the household of the insured. Plaintiff had judgment on the verdict. Upon appeal, the court held that the finding of the

jury that the car was being operated with the permission of Emmett Moran at the time of the accident was against the clear preponderance and great weight of the evidence and reversed the judgment. Mere presumption that permission had been given or would be given if asked is not sufficient.

This court said in *Drewek v. Milwaukee Automobile Ins. Co.* 207 Wis. 445, 447, 448, 240 N. W. 881, that section 204.30 (3), Stats., was intended to avoid the breeding of litigation by uncertain and ambiguous provisions and should be construed liberally to suppress the mischief and advance the remedy which it was intended to afford. *Stone v. Inter-State Exchange,* 200 Wis. 585, 589, 229 N. W. 26.

Prior to the enactment of ch. 372, Laws of 1925 (omnibus coverage provision), a policy of indemnity insurance on an automobile was considered a personal indemnity contract limiting coverage to those who contracted for it. The insurer was not liable when the car was driven by a person other than the assured unless the driver was within the rule of agency to the assured. *Glatz v. General Acc., F. & L. Assur. Corp.* 175 Wis. 42, 183 N. W. 683; *Eberlein v. Fidelity & Deposit Co.* 164 Wis. 242, 159 N. W. 553; *Stenbom v. Brown-Corliss Engine Co.* 137 Wis. 564, 119 N. W. 308; *Witzko v. Koenig,* 224 Wis. 674, 272 N. W. 864. By ch. 372, Laws of 1925, coverage was required so as to extend the benefits of the policy to one driving with the permission of the named assured, irrespective of agency. While it is true that ch. 372, Laws of 1925, was intended to promote the interests of the public as well as the additional parties to the contract, as has been held by this court, *Drewek v. Milwaukee Automobile Ins. Co., supra,* the statute definitely limits extension of the benefits of the policy to those driving with the permission of the named assured, or if the named assured is an individual, with the permission of an adult member of the assured's household other than a

chauffeur or domestic servant. The statute contains further limitations as to coverage:

"That no coverage afforded by this paragraph [204.30 (3)] shall apply to a public automobile garage or an automobile repair shop, sales agency, service station, and/or the agents or employees thereof. In the event an automobile covered by this policy is sold, transferred or assigned, the purchaser, transferee or assignee shall not be covered as an additional assured without written consent of the company, evidenced by indorsement hereon."

There is also the limitation as to who may give consent. It must be given by the named assured or by an adult member of the assured's household. Consent given by the chauffeur, the servant, minor members of the household, and members of the family not in the household of the assured, is not sufficient so as to extend coverage.

"If the facts adduced in an action, involving an omnibus clause, reasonably tend to show that the automobile covered by the policy at the time of the accident was being used with the implied permission of the assured, that is sufficient to bring it within the coverage of such a clause. *Christiansen v. Ætna Casualty & Surety Co.* 204 Wis. 323, 236 N. W. 109; *Bushman v. Tomek,* 222 Wis. 562, 269 N. W. 289." *Brochu v. Taylor,* 223 Wis. 90, 96, 269 N. W. 711.

There is no evidence that Leach had ever borrowed the Larson car before. There are no facts or circumstances to warrant an inference that Larson had any knowledge that Leach would permit anyone else to drive the Larson car on the trip to Albert Lea, Minnesota, and return to Chippewa Falls. In *Bushman v. Tomek, supra,* and *Brochu v. Taylor, supra,* this court carefully searched the evidence to determine whether it was sufficient to sustain the findings as to implied permission of the drivers of the respective cars at the time of the collisions there involved. The court held the evidence as to implied permission was sufficient in the former case,

and in the latter case held the evidence was not sufficient. While it is true that the bailment theory now contended for by the appellant was not discussed or considered in those cases, the specific question as to whether indemnity coverage under the omnibus coverage clause of the policy and similar provisions of the statute shall extend to any person, firm, or corporation, legally responsible for the operation of the automobile, was directly involved in *Cullen v. Travelers Ins. Co., supra,* and the court held:

". . . Neither of those provisions effected any enlargement or change in the coverage afforded by the policy as to any person entitled to the indemnity afforded thereby."

A driver, to whom the car has been intrusted by one who had permission to use directly from the named assured, is not an additional assured under the omnibus coverage clause. *Columbia Casualty Co. v. Lyle* (5th Cir.), 81 Fed. (2d) 281; *American Automobile Ins. Co. v. Jones,* 163 Tenn. 605, 45 S. W. (2d), 52, 53; *United States F. & G. Co. v. Mann* (4th Cir.), 73 Fed. (2d) 465; *Globe Ind. Co. v. Nodlere* (10th Cir.), 69 Fed. (2d) 955; *Trotter v. Union Ind. Co.* (9th Cir.), 35 Fed. (2d) 104; *Wigington v. Ocean Acc. &. Guar. Corp.* 120 Neb. 162, 231 N. W. 770; *Indemnity Ins. Co. v. Jordan,* 158 Va. 834, 164 S. E. 539; *Ohio Casualty Ins. Co. v. Goodman,* 163 Okla. 243, 22 Pac. (2d) 997; *Indemnity Ins. Co. v. Sanders,* 169 Okla. 378, 36 Pac. (2d) 271. Also see Annotation in 72 A. L. R. 1375. The question is one of coverage to be determined by the provisions of the policy of insurance and by sec. 204.30 (3) of the statutes. Neither the provisions of the policy nor of the statute are ambiguous. The learned trial judge correctly held: "That the insurance provided by the policy was not extended to or available to any person while the car described in the policy was used or operated by Carl Mortenson or at the time of the plaintiff's injury."

The appellant contends that the trial court erred in refusing to allow plaintiff to cross-examine defendant, Larson. Larson was named as a party defendant. No cause of action was stated against him; no claim for damages or for any relief was demanded of him. In his brief, in this court, appellant says:

"It is admitted that no claim for judgment was made against Larson and that he was joined as a party defendant solely because he was the named assured who had taken out the policy. His permission was at issue and *plaintiff wanted to have the right to cross-examine him.*"

It appears that during the trial, plaintiff stated he wished to call Larson as an adverse witness under the statute (sec. 325.14). Counsel for the defendant insurance carrier objected. The court sustained the objection, but stated that plaintiff might call Larson as his own witness. Appellant cites *Ryan v. Olson,* 183 Wis. 290, 197 N. W. 727, as authority for his procedure in this instance. There, Olson was the village president and was joined as a party defendant with the village clerk and the several members of the village board. It was an action in equity to rescind a conveyance, and it was alleged that the members of the village board conspired to procure, for one of the defendants named, from the village, a certain transfer of property at a grossly inadequate price. Olson demurred to the complaint upon the grounds: "First, that the complaint does not state facts sufficient to constitute a cause of action; and, second, that plaintiff has no legal capacity to sue." The court overruled the demurrer upon the first ground but sustained the demurrer upon the second ground. Olson contended that he was not a necessary or proper party to the action; that no relief was prayed for as against him; and therefore the demurrer on the first ground should have been sustained. Sec. 61.33, Stats. (then in force, 1924), provides that no trustee shall

in any manner be directly or indirectly interested in any contract with the village, and by sec. 4549 such a transaction is made a misdemeanor. The court said, page 293:

"The defendant Olson being charged with the commission of a fraudulent act, and it being alleged that he participated therein, the court could award damages against him. At any rate, it being alleged in the complaint that he is interested in the transaction, under the provisions of sec. 2603 he was made a proper party defendant, and particularly is this so in view of the fact that this action is one in equity. . . . Furthermore, by virtue of the discovery statutes, a valuable right would accrue to the plaintiff in enabling him to examine the defendant adversely both before and after pleading, and particularly is this so under the provisions of sec. 4068, pursuant to which he may as a party be called adversely on the trial.

"We therefore conclude that while the defendant Olson is not a necessary party, nevertheless, he is a proper party, and that the court properly overruled the demurrer of such defendant on the first ground stated."

In the instant case, Larson is joined as a party defendant without any attempt to state a cause of action against him. He was not a participant in the cause of action alleged. No judgment could have been rendered against him under any circumstances. He is neither a necessary nor a proper party to the action. We know of no authority to sustain appellant's contention in the instant case. Certainly, the facts in *Ryan v. Olson, supra,* do not.

*By the Court.*—Judgment affirmed.