## JOHNSON v. STATE FARM MUT. AUTO-MOBILE INS. CO.

No. 14350.

United States Court of Appeals
Eighth Circuit.

March 11, 1952.

Hugh J. Boyle, Omaha, Neb. (Boyle & Boyle, Omaha, Neb., on the brief), for appellant.

C. F. Connolly, Omaha, Neb. (W. C. Fraser, Robert G. Fraser and Fraser, Connolly, Crofoot & Wentstrand, all of Omaha, Neb., on the brief), for appellee.

Before SANBORN, JOHNSEN and RIDDICK, Circuit Judges.

### PER CURIAM.

We are asked to hold erroneous a declaration of Nebraska law made by the trial court, as well as its applicability to the evidentiary situation presented.

The action is one against an insurer, on a policy of automobile liability insurance, under its omnibus coverage clause, by the holder of a judgment against a third party for personal injuries—the third party, according to the findings of the court, having been using the automobile of the named insured at the time of the accident, with the consent of a permittee (a foster son) of the named insured, but without the consent in fact, either express or implied, of the named insured, and not in the service of any purpose of either the named insured or the permittee, but for the third party's own object merely.

The court held that on these facts there was no liability under Nebraska law on the part of the insurer for plaintiff's judgment, under the omnibus clause of the policy that "the * * * word 'insured' includes not only the named insured but also any person while using the automobile * * * provided * * * the actual use is with the permission of the insured."

Beyond the court's general discussion and expression, the actual scope of the principle deriving from the findings made was simply that a standard omnibus clause, such as that here involved, does not extend coverage to a third party in a situation where he has been allowed the use of the automobile by a permittee of the named insured, where such use is without consent thereto as a fact, either express or implied, on the part of the named insured, whether specially or generally existing, and where at the time of the accident no purpose of the permittee or the named insured is being served by such use but only the third party's own interest or object.

There is no basis for us to say that Nebraska law would not go at least as far as this principle. Some indication that the Supreme Court of that State would not recognize coverage under the policy as extending to the factual situation found by the trial court is contained in Wigington v. Ocean Accident & Guarantee Corp., 120 Neb. 162, 231 N.W. 770. Whether Nebraska law would go farther in a proper situation than the principle as stated (which is sufficient to encompass the facts which the court found) it is unnecessary here to examine or declare. But while there is no need to make any such consideration, it may incidentally be observed that on the facts found the insurer equally would be without liability both under (1) the general rule of the "great weight of authority", 160 A.L.R. 1195, 1206, annotation, that consent to a third party's use of the automobile by an original permittee, whose permission is silent as to the question of delegation of authority, will not ordinarily

bring the third party's use of the automobile within the coverage of the standard omnibus clause, and under (2) the legally "better view" as well, 5 Am.Jur., Automobiles, Cum.Supp. § 535.1, that consent given to an original permittee to use the automobile, unless specifically limited in fact, constitutes, for purposes of the standard omnibus clause, consent by implication of law to a use thereof by a second permittee to serve some purpose, benefit or advantage of the first permittee, such as where the original permittee is riding in the car or the car is being driven in his interest or for a purpose mutual to him and the second permittee.

■ There is no occasion for us further to discuss appellant's contention that the trial court's declaration of Nebraska law was erroneous, other than perhaps to add, as we have many times previously said, that, in diversity of citizenship cases, on unestablished questions of state law, we will accept the trial judge's considered appraisal of the local law of his jurisdiction, unless we have a clear conviction that he is in error. See e. g. National Bellas Hess, Inc., v. Kalis, 8 Cir., 191 F.2d 739; Western Cas. & Surety Co. v. Coleman, 8 Cir., 186 F.2d 40; Nolley v. Chicago, M., St. P. & P. R. Co., 8 Cir., 183 F.2d 566.

■ The real barrier to a recovery by plaintiff is the strict interpretation which the trial court made of the facts, particularly perhaps in its findings (1) that the circumstances of the situation were not such as soundly to imply that any consent in fact had been given by the named insured or existed, either generally or specifically, at the time of the accident, to an allowance by the original permittee of the use of the automobile on the part of a third party, and (2) that the third party's use was not serving any purpose in fact of either the original permittee or the named insured but only the third party's own interest or object, so that there was no basis on which it could be claimed that consent should be recognized as a matter of legal implication. That the court might have taken a broader view of the circumstances in its resolution of these two questions does not, however, help plaintiff here, for on the record before us it is not possible for us to say that the court had no right to make the interpretations or evaluations which it did and to reach the findings which it made. Nor did the testimony of the named insured at the trial that she would have been willing to give such consent, if she had been asked to do so, necessarily compel a finding by the trial court that consent had existed in fact at the time of the accident. This willingness was at most merely a circumstance that might have a bearing on whether consent as a matter of implied fact had actually existed. A subsequent expression of willingness to have done an act necessary to establish contractual relationship, after rights have become fixed, cannot supply the legal gap existing from that act having not in fact been done. Cf. Rogers v. Great-West Life Assurance Co., 8 Cir., 138 F.2d 474, 476, 477.

Affirmed.