Drewek, Administratrix, Respondent, vs. Milwaukee Automobile Insurance Company, a limited mutual, Appellant.

*January 13—April 5, 1932.*

For the appellant there were briefs by *Rouiller & Dougherty,* attorneys, and *George A. Affeldt* and *Thomas A. Byrne* of counsel, all of Milwaukee, and oral argument by *Mr. Byrne.*

For the respondent there were briefs by *Gold & McCann,* attorneys, and *W. G. Sullivan* of counsel, all of Milwaukee, and oral argument by *Mr. Sullivan.*

In support of the motion for a rehearing there was also a brief by *Joseph A. Padway* of Milwaukee, as *amicus curiæ.*

The following opinions were filed February 9, 1932:

FRITZ, J. Plaintiff, as administratrix of the estate of Constantine Drewek, had recovered judgment against Max Kopczynski for his negligent operation of a truck in such manner as to cause the death of Constantine Drewek, who was riding in the truck. The truck belonged to Kopczynski's employer, Jahnke Bros., grocers, to whom defendant had issued a policy of automobile liability insurance covering that truck, as hereinafter stated. At the time of the casualty Kopczynski was using the truck after his regular working hours to haul furniture, at the request of his friend Drewek, for a friend of the latter; and after performing that service the friend gave Kopczynski a dollar. Kopczynski had obtained permission from his employer to use the truck on that occasion by falsely stating that he desired to use the truck to haul a phonograph for himself in exchange for a radio;

and his employer did not know that he was using the truck for another purpose. On the trial of this action the jury found that the employer gave permission to Kopczynski to operate the truck for the use and purpose for which it was used by him at the time of the casualty. It is very doubtful whether the evidence admits of that finding. However, inasmuch as it is undisputed that, at the time in question, the truck was being operated with the permission of the assured, Jahnke Bros., the mere deviation from the letter of the permission would not in itself exclude Kopczynski from the indemnity afforded by the policy, if the use to which the truck was then being put were otherwise within the coverage of the policy.

As regards the persons indemnified, the insurance, by virtue of sec. 204.30 (3), Stats., as well as a provision embodied in the policy itself, extended to the named assured, i.e. Jahnke Bros., and also "to any person while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy and with the permission of the named assured." "Permission," as used in that provision, may have been intended to mean the consent, obtained in the first instance from the assured, to the possession of the truck by the operator thereof, regardless of the use to which he puts it while it continues in his possession by virtue of that initial consent; or it may have been intended to mean consent to use the truck only for some specified purpose. If the latter meaning was intended, then, as ·was said in *Dickinson v. Maryland Casualty Co.* 101 Conn. 369, 125 Atl. 866, "it would in each case be necessary to make inquiry into the purpose and extent of the permission. . . . In place of a certain provision in the policy of definite meaning it would have inserted a provision breeding uncertainty, inviting litigation, and making the defense of a departure from the permission an available and often-used defense. This is exactly what the courts and legislature have frowned upon—uncertain and

ambiguous provisions in contracts of insurance under which insurers seek an escape from the obligation of paying the insurance indemnity contracted for." Although defendant may not voluntarily have inserted the provision required by sec. 204.30 (3), Stats., in its policy, the law imputes such provision to the policy whether written therein or not. The statute was intended to promote the interests of all concerned, including the public, in the business of automobile accident insurance. It is a remedial statute and should be construed liberally to suppress the mischief and advance the remedy which it was intended to afford. *Stone v. Inter-State Exchange,* 200 Wis. 585, 587, 229 N. W. 26. Thus construed, the provision must be held to have been intended to have the meaning first stated above. The words limiting the persons covered to the assured or those operating the automobile "with the permission of the named assured," were intended, as was said in *Stovall v. New York Indemnity Co.* 157 Tenn. 301, 8 S. W. (2d) 473, to exclude from the protection of the policy "a person who should take the automobile and use it without permission or authority in the first instance. If, however, the automobile covered by the policy is delivered, with the permission of the . . . insured, to another for use, his subsequent use of it is with the permission of the insured, within the meaning of the policy, regardless of whether the automobile is driven to a place or for a purpose not within the contemplation of the insured when he parted with possession." *Dickinson v. Maryland Casualty Co., supra; Maryland Casualty Co. v. Ronan,* 37 Fed. (2d) 449; *Peterson v. Maloney,* 101 Minn. 437, 232 N. W. 790; *Maryland Casualty Co. v. Hoge,* 153 Va. 204, 149 S. E. 448; *United States F. & G. Co. v. Hall,* 237 Ky. 393, 35 S. W. (2d) 550. See, also, *State v. Mularkey,* 195 Wis. 549, 218 N. W. 809; *State v. Boggs,* 181 Iowa, 358, 164 N. W. 759.

However, whether the truck was being operated by the named assured, or by somebody else with the permission of that assured, the damages for which recovery is sought under the policy must be included within the coverage of the policy as written. If, because of express limitations in the policy on the scope of the insurance, the casualty or the operation of the automobile at the time of the casualty was not within the coverage of the policy, then there is no liability on the part of the insurer, regardless of whether the automobile was then being operated by the assured or by some one else with his permission. Neither sec. 204.30 (3), Stats., nor the provision embodied in the policy pursuant thereto, creates a liability or confers any right of action where none exists under the terms of the policy itself. *Fanslau v. Federal Mut. A. Ins. Co.* 194 Wis. 8, 215 N. W. 589; *Bro v. Standard Acc. Ins. Co.* 194 Wis. 293, 215 N. W. 431; *Stransky v. Kousek,* 199 Wis. 59, 225 N. W. 401. Under the very terms of sec. 204.30 (3), Stats., and the equivalent provision in the policy, the insurance coverage afforded thereby to the named assured, and to the one using the automobile with the permission of that named assured, exists only "when such automobile is being used for purposes and in the manner described in said policy." Clearly, in that respect the coverage of the policy is no greater when the automobile is being used with the permission of the assured than when it is being used by the assured himself.

What then was the extent of the coverage, in that respect, of the assured under the policy in question? In the "Schedule of Statements," embodied in the policy, the assured represented in Statement II that their occupation "is grocers;" and in Statement VI that "The above described automobile is used only for commercial purposes in business of assured." It may be true that in so far as those representations were merely in the nature of warranties, the mere casual or inci-

dental use of the truck, for some purpose other than that which was stated in the warranty, may not have constituted such a breach thereof as resulted in annulling or forfeiting the policy for all purposes. *Crowell v. Maryland Ins. Co.* 169 N. C. 35, 85 S. E. 37; *Commercial Assur. Co. v. Hill* (Tex. Civ. App.) 167 S. W. 1095; *Firemen's Ins. Co. v. Rye,* 160 Ark. 212, 254 S. W. 465; *Automobile Ins. Exchange v. Wilson,* 144 Md. 249, 124 Atl. 876. However, under the heading "Conditions, Limitations, and Agreements," the policy provided that:

"The company shall not be liable under sec. II hereof . . . for any loss, damage, or expense while any automobile insured herein is used, operated, manipulated, or maintained . . . (e) for any purpose not specified in Statement VI of the Schedule of Statements."

The plain and unambiguous language of that limitation on the extent of the coverage renders the policy inapplicable to liability incurred by an insured while the automobile is being used for any purpose not specified in Statement VI of the Schedule of Statements. In the event of liability because of a casualty occurring during the time of such unspecified use, there exists no obligation under the policy to indemnify any user of the automobile whatsoever. The following statement in *Johnston v. New Amsterdam Casualty Co.* 200 N. C. 763, 158 S. E. 473, 475, is in point:

"We recognize the established principles that a policy of insurance, if the language is ambiguous or susceptible of more than one interpretation, should be given a construction favorable to the assured, and that, if the insurer's liability is limited by unambiguous language, the policy, as a rule, should not be construed to enlarge the liability beyond the plain meaning of its terms. . . . In the case before us the 'omnibus coverage' clause extending the insurance to persons other than the named assured is limited by the provision that the policy shall not cover any automobile while being used in any business, trade, or occupation except the occupation or business of dealing in teas, coffees, and sugars.

The phrase 'while being used' has reference to the time of the casualty; and obviously at that time the car was not being used in the employer's business."

To the same effect see *Williams v. American Auto. Ins. Co.* (C. C. A.) 44 Fed. (2d) 704, 705; *Marks v. Home Fire & M. I. Co.* 285 Fed. 959.

In the case at bar, while the truck was being used by Kopczynski, after the termination of his day's work for his employers, Jahnke Bros., to haul furniture, without the knowledge of his employers, for a friend of his friend, both of whom were also unknown to his employers, it clearly was not being used or operated for commercial purposes only in the business of the assured. Instead, Kopczynski was using the truck in furtherance of his own private, personal purposes as an accommodation to his friend. That purpose was wholly foreign to the commercial purposes in the business of the assured. Consequently, while the truck was thus being used by Kopczynski for a purpose which was not specified in Statement VI of the Schedule of Statements in the policy, the limitation in the policy, that in such event the company shall not be liable, was applicable. As the injury for which plaintiff seeks to recover damages occurred while the truck was being used for an unspecified purpose, and the policy expressly exempted from its coverage liability for injuries sustained during such a time, it follows that defendant is not liable in this action.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the complaint.

ROSENBERRY, C. J. (*dissenting*). I cannot concur in the construction placed upon the language of the policy in this case. It seems to me too narrow and strict. As I understand the decision, it is now held that a slight departure from the terms of the policy, such for instance as the taking of an express package two blocks for a friend, leaves the policyholder without protection. In my opinion, a slight departure

from the prescribed use not amounting to a substantial change, being merely such an incidental departure as is commonly made by the users of vehicles of similar type, should be held to be within the contemplation of the parties to the contract and hence covered by the policy.

I am authorized to say that Mr. Justice WICKHEM concurs in this dissent.

A motion for a rehearing was denied, with $25 costs, on April 5, 1932.