## HAEUSER v. ÆTNA CASUALTY & SURETY CO. et al.*

No. 17095.

Court of Appeal of Louisiana. Orleans.

April 10, 1939.

Decree Corrected April 24, 1939.

*Writ of certiorari denied by Supreme Court May 29, 1939.

James W. Hopkins, of New Orleans, for appellant.

E. Assenheimer, of New Orleans, for appellee Chas. W. Hanna.

St. Clair Adams & Son, of New Orleans, for appellees Chas. T. Kerner and Aetna Casualty & Surety Co.

WESTERFIELD, Judge.

We granted a rehearing in this case for the purpose of reconsidering the question of the liability of the Aetna Casualty & Surety Company, defendant insurer under the omnibus clause in its policy. A brief restatement of the facts is necessary. Leon G. Haeuser brought suit against Charles T. Kerner, the owner of a Cadillac automobile, the Aetna Casualty & Surety Company, his liability insurance carrier, Walter Hebert, his chauffeur, and Chas. W. Hanna, for damages due to physical injuries sustained by his minor son as the result of a collision between the Cadillac car of Kerner, in which plaintiff's son was a passenger, and a Ford Sedan owned and driven by Hanna, under circumstances alleged to involve all four defendants with responsibility. The trial court, by its judgment, released Kerner, the Aetna Casualty & Surety Company and Hanna and held Hebert alone responsible. In our original opinion we affirmed the judgment of the district court and upon application for rehearing reopened the case and limited its consideration to the question of the liability of the insurance carrier, the Aetna Casualty & Surety Company. The clause in the policy upon which the liability of the insurer is predicated is what is known as the "omnibus clause" and reads as follows: "IV. Definition of 'Insured.'—The unqualified word 'insured' wherever used, includes not only the named insured, but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is 'pleasure and business', or 'commercial', each as defined herein, and provided, further, that the actual use is with the permission of the named insured. * * *".

Under the facts of this case we found that Hebert, Kerner's chauffeur, at the time of the accident had departed from the scope of the permission granted by his employer in that he was instructed to return the car to the garage and the accident happened while he was conveying some friends to their home, having delayed compliance with his employer's orders. We adhere to that opinion, the facts not being reexamined by us on rehearing.

The question, therefore, is whether under the omnibus clause the insurer is liable for damages to a third person caused by the automobile of the named insured while operated by a person with the insured's permission, on an errand not contemplated by or included within the purpose for which permission was given to use the automobile. The argument on behalf of the insured is, as expressed by ingenuous counsel in their brief on rehearing, "there are two provisos making use of the phrase 'actual use'. (1) That the declared and actual use of the automobile is 'pleasure and business' or 'commercial', each as defined herein, and (2) 'that the actual use is with the permission of the named insured'. In the first of these two provisos, a clear distinction is made between declared use (i.e. future use contemplated by the named insured in agreement with the insurance company at the time of making the contract). In the second proviso, the term 'actual use' is employed in the same sense as before; namely, 'use in action or existence at the time, present, nonce or current use'. (See definitions hereafter). In

other words, the omnibus clause covers a third person while using the automobile, subject to two restrictions. First, that the 'declared and actual use of the automobile is "pleasure and business" or "commercial", each as defined herein', and, second, 'that the actual use is with the permission of the named insured'. Surely it could not be contended that the clause 'actual use' has a different meaning in the two provisos. The distinction in both provisos is between use contemplated as a future contingency and use currently being made at any particular time. Thus, the use for which Mr. Kerner gave permission was a specific contemplated use, as distinguished from the quite different actual use which his chauffeur was making of the automobile when the accident occurred. It is impossible to give permission for actual use except in contemplation of its future actualization, for actual use is use in process of occurrence. The actual use of the automobile being made by the chauffeur at the time of the accident was not contemplated in the permission given by Mr. Kerner; therefore, the use then current (i.e. the actual use) was not within the terms of the agreement made in the policy contract, and the company cannot be liable for the results of such use."

Substantially the same argument was made in Parks .v. Hall et al., 189 La. 849, 850, 181 So. 191, 194, where the facts so far as they effect the legal question under consideration are the same, though the word "actual" does not appear in the omnibus clause considered there. That suit was filed in the District Court for the Parish of Ouachita and resulted in a judgment holding the insurer liable. It was appealed to the Court of Appeal for the Second Circuit (179 So. 868) and that Court, with one of the judges dissenting, reversed the judgment of the district court and dismissed the insurer. A rehearing was granted without changing the result. The case was brought to the Supreme Court on a Writ of Review and that Court reversed the Court of Appeal and reinstated the judgment of the District Court, saying:

"Under the facts of this case, Hall was operating the car with the permission of the assured and the policy, by its express terms, i. e., the omnibus clause, was made to cover, as an assured, any one who was driving the car with the permission of the owner of the insured car. The provisions of the policy do not limit the liability thereunder to causes arising when the permitted driver was using the car either for the owner's business or under any restricted circumstances. The language is not restricted, but used in its broadest possible sense and under the rules of construction generally applicable in cases of this kind, we must give the language used the same broad construction. The words used in the clause would be practically meaningless and the object there made nugatory if it were necessary to determine in every case whether, at the time and under the circumstances of the accident, the driver was proceeding within the limitations of the permission of the assured to use the car. In order to give the clause 'provided: (a) it is being used with the permission of the named Assured,' the construction placed by the Court of Appeal and contended for by the defendants, we would have to give it a restricted and limited meaning, contrary to the rules of construction of such contracts. We would have to resolve the doubt or uncertainty or ambiguity in favor of the writer of the insurance contract.

"We therefore conclude that the permission of the assured to Hall to use the car in the first instance, irrespective of the use to which he put the car while in his possession, was 'permission of the assured' within the meaning and contemplation of the 'omnibus clause' and the insurer is therefore liable to plaintiffs thereunder."

The omnibus clause in that case reads as follows:—"The term 'named assured' shall mean only the assured specified in Statement One, but the term 'assured' shall include the named assured and any other person while riding in or legally operating such automobile and any other person or organization legally responsible for its operation, provided: (8) it is being used with the permission of the named Assured, or, if he is an individual, with the permission of an adult member of his household other than a chauffeur or domestic servant * * *".

In Stovall v. New York Indemnity Company, 157 Tenn. 301, 8 S.W.2d 473, 477, 72 A.L.R. 1368, the Supreme Court of Tennessee held that a proviso in an omnibus clause "providing such use or operation is with the permission of the named assured" did not exclude from the protection of the policy a person using the automobile with the permission of the owner or assured "regardless of whether the automobile is

driven to a place or for a purpose not within the contemplation of the insured when he parted with possession".

We are referred to a work on Automobile Liability Insurance written by John A. Appleman "Head of the Legal Department State Farm Mutual Automobile Insurance Company, Bloomington, Illinois". Mr. Appleman is not in sympathy with the ruling in Parks v. Hall, supra, and other cases which he described as the minority view, but in Tulane Law Review Volume XIII, Page 147, we read:

"Although there is a split of authority in the common law on the question whether the scope of the permission must be observed to the letter in order for the person permitted to be protected under the omnibus clause, the majority of the cases are in accord with the instant case (Parks v. Hall), holding that the assured's permission to use the car in the first instance will make the insurer liable for the damage caused by the operator, regardless of the latter's use thereafter. Stovall v. New York Indemnity Company, supra. In some states statutes are construed to reach the same result. Drewek v. Milwaukee Automobile Insurance Co., 207 Wis. 445, 240 N. W. 881 (1932); Guzenfield v. Liberty Mutual Ins. Co., 286 Mass. 133, 190 N.E. 23 (1934)."

To quote from Mr. Appleman (Page 116):

"The majority rule has had an interesting development. Some early cases reached rather wild results. Other courts began to adopt their reasoning until capable lawyers began challenging the logic and justice of those decisions. In about the last six years the great weight of authority has come to be that the actual use of the vehicle at the time of the accident must be one contemplated when the bailment was made. In other words, the time at which the bailment was to expire must not have passed. The place at which the automobile is used must be one either specified or contemplated by the parties. The use made of the automobile at the time of the accident must be one either contemplated or specified. Unless these elements are present, the unauthorized taking or use of the automobile constitutes a conversion, and permission cannot be found to exist."

Referring to a provision similar to that found in the policy in the instant case, Mr. Appleman says (Page 110):

"One of the most important changes in the wording of the standard policy from the older forms is the substitution of the phrase 'actual use' for the word 'use'. The purpose of this is clear. Some minority cases have held that the use is with permission if the original bailment had been made with consent of the insured. Under the newer wording it is almost essential that the use made of the vehicle at the time of the accident must be one actually contemplated by all parties when the bailment was made. If this clause is given the sound and unambiguous construction which its terms require, it will probably result in a number of the minority jurisdictions altering their results to conform with the majority view."

For purpose of ready comparison we repeat in parallel columns the pertinent sections of both policies:—

"The term 'named assured' shall mean only the assured specified in Statement One, but the term 'assured' shall include the named assured and any other person while riding in or legally operating such automobile and any other person or organization legally responsible for its operation, *provided: (8) it is being used with the permission of the named Assured* or if he is an individual with the permission of an adult member of his household other than a chauffeur or domestic servant * * *".
(Italicizing ours)
(Parks v. Hall)

"IV. Definition of 'Insured'.—The unqualified word 'Insured' wherever used, includes not only the named insured, but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is 'pleasure and business', or 'commercial', each as defined herein, and *provided, further, that the actual use is with the permission of the named insured* * * *". (Italicizing ours)
(Present case)

The argument of counsel is to the effect that "the permission of the named insured must, as the clause stands, extend not merely to the use of the automobile, but to the actuality of that use—to the use actually made of the automobile. Now the use Hebert was actually (that is, presently, instantly, or currently) making of the automobile at the time of the accident was outside the scope of the permission granted. The insurance company is therefore not liable."

The views of Mr. Appleman are confidently relied upon by counsel and are pressed upon our consideration. We find ourselves, however, unable to agree with Mr. Appleman's conclusions. The change from "use" to "actual use" does not seem to us in any sense important nor is the purpose clear. Moreover, the statement that "under the newer wording it is almost essential that the use made of the vehicle at the time of the accident must be one actually contemplated by all parties when the bailment was made" seems to us entirely gratuitous. The important word in the last proviso of the clause is "permission". The automobile must have been used with the "permission" of the named assured and it must actually have been used with the "permission" of the named assured. The introduction of the word "actual" as a qualification of the word "use" is said to change the connotation of the text so as to mean use within the scope of the permission granted. If the proviso as it appears in the present policy could be so interpreted the one considered in Parks v. Hall, supra, may also be so construed for if we interpolate the equivalent of the phrase "within the scope of the permission granted" in the one case we may do so in the other, there being no words of such import in either proviso. The reliance upon the word "actual" as a qualification of "use" to bring about this remarkable result seems to us untenable.

Article 1946 of the Revised Civil Code reads as follows:

"The words of a contract are to be understood, like those of a law, in the common and usual signification, without attending so much to grammatical rules, as to general and popular use."

It is suggested that if we assimilate the two omnibus clauses under consideration, we will be giving no effect whatever to the qualifying word "actual" which, it is. said, must have been inserted in the policy for some purpose. Perhaps it was, but we can only determine the intent of the author by the words used by him. It is possible that "actual" was employed for emphasis as in the sentence "the child actually ran" or "the witness actually saw the murder" and it is also possible that the author of this policy was not too meticulous in the use of words, but whatever may have been the intention of the author of the clause in question, we are unable to give it the effect claimed for it. It would have been so simple to have indicated that intention by the use of appropriate language such, for instance, as requiring that the use of the automobile be within the scope of the permission granted.

The best that can be said in defendant's behalf is that the clause is ambiguous, but the situation viewed in this light would be the same as appears by the following citation of authority quoted in Parks v. Hall, supra:

"'An insurance policy is a contract and the rules established for the construction of written instruments apply to contracts of insurance.' 14 Ruling Case Law, § 102, p. 925; Wallace v. Insurance Co., 4 La. 289; Brown v. Life & Casualty Ins. Co., La.App., 146 So. 332; Civ.Code, arts. 1901, 1945. In accordance with this rule 'an automobile collision policy must be construed according to the evident intent of the parties, to be derived from the words used, the subject matter to which they relate, and the matters naturally or usually incident thereto. The language employed in the policy is to be construed so as to effectuate the insurance and not for the purpose of defeating it; therefore, if the language used is ambiguous or admits of two constructions, it will be construed in favor of insured and against insurer in such a way as to protect the interest of insured who has paid a consideration for the indemnity. * * *' 42 Corpus Juris, § 356, pp. 790, 791; Heiman v. Pan American Life Ins. Co., 183 La. 1045, 165 So. 195; Travia v. Metropolitan Life Insurance Company, 186 La. 934, 173 So. 721."

Our conclusion is that the insurer is liable.

For the reasons assigned our original decree is recalled and set aside and it is now ordered, adjudged and decreed that the judgment appealed from be and it is amended so as to have the judgment run against the Aetna Casualty & Surety Company as well as Walter Hebert. In all other respects the judgment appealed from is affirmed.

Our original decree recalled and set aside.

Judgment of trial court amended and affirmed.

JANVIER, J., dissents for written reasons.

JANVIER, Judge (dissenting).

I am unable to agree with my associates and adhere to the views originally expressed. See Haeuser v. Aetna Casualty & Surety Company et al., La.App., 185 So. 493.

In fact, at the oral argument presented on rehearing, I was much impressed with a fact, to which no reference was made in the original opinion, which is that the policy itself, in the "omnibus clause", which is the clause with which and with which alone we are concerned, makes use of the words "actual use" in such a way as to make it clear that those words were intended to mean—and cannot mean anything else than—the use to which the automobile was being put at the time of the accident; in other words, that the coverage of the "omnibus clause" is extended by its own terms only to one who has permission to put the automobile to the actual use to which it is being devoted at the time of the occurrence.

The clause stipulates for protection of the "insured" and provides that this word "insured" shall include any person using the car with the permission of the "named insured". If nothing else was contained in the clause, I can see that there would be the possibility of construing the policy as extending its coverage to any person initially given permission to use the car, regardless of whether the permission had contemplated the particular use to which the car was being put at the time of the occurrence. This was the result reached in Parks v. Hall, 189 La. 849, 181 So. 191.

But the "omnibus clause" does not stop there. It reads as follows: "The unqualified word 'Insured' wherever used, includes not only the named insured, but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is 'pleasure and business', or 'commercial', each as defined herein, and provided, further, that the actual use is with the permission of the named insured."

It is plain that even the "named insured" is protected only if he has declared the use or uses to which the automobile will be put and the "actual use" is one of those declared, and it goes further and provides that, so far as the borrower is concerned, its protection is extended to him provided "the actual use is with the permission of the named insured". Now, if we analyze these two clauses together, we see that where the policy uses the words "actual use" in the first clause it means—and can only mean—the use to which the automobile is being put at the time of the occurrence. I think, then, that the policy has established a clear definition of the term "actual use" and that, therefore, when, in the second clause, the policy provides that it shall protect the borrower provided "the actual use is with the permission of the named insured", it means that the borrower is protected provided the use to which the car is being put at the moment of the accident is a use for which the named insured granted permission.

My associates seem to feel that, when the framers of the policy inserted in the second clause the term "actual use", they simply meant that the borrower is protected if the use to which he has put the car at the time of the accident is one of those included within the "declared uses". But that is obviously not what the policy provides. It might have provided for coverage of the borrower if, at the time of the accident, he was using the car for one of the declared uses. But it does not do any such thing. It states that it covers the borrower only if the named insured has given his permission for the "actual use" to which the car is being put at the time of the occurrence, and I have already shown that it has established as a definite meaning for the words "actual use" the use to which it is being put at the time of the accident. There can be no doubt here that the "named insured" had not given his permission to use the car for any purpose other than to return it to the garage. Therefore there was no permission for the "actual use" and, as a result, there was no coverage. When the employe devoted the car to a purpose of his own, it certainly cannot be said that the "actual use" to which it was being put was with the permission of the "named insured".

I respectfully dissent.

On Application for Correction of Decree.

PER CURIAM.

Counsel directs our attention to the fact that in amending the judgment appealed from we failed to decree that the judgment which we rendered against the Aetna Casualty & Surety Company should be in solido with Walter Hebert. The oversight should be corrected and it is so ordered.

Amended.