## JOHNSON v. MARYLAND CASUALTY CO.

### No. 7649.

Circuit Court of Appeals, Seventh Circuit.

Jan. 28, 1942.

L. R. McPherson, Oscar S. Johnson, and Barney B. Barstow, all of Superior, Wis., for appellant.

Donald A. Rock, of Superior, Wis., and J. R. Zuger, of Duluth, Minn., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

John Wirth was a salesman for Swift and Company. His territory was confined to the city of Superior, Wisconsin. He was furnished an automobile by his employer to call on the trade. When he took the automobile out, it was to be used only for the purpose of performing his duties as a salesman for his employer. The employer had on March 21, 1939 a rule, which applied to Wirth, that his day's work was done at five p. m., at which time the automobile was to be put in the garage at Duluth. Drinking was prohibited during working hours and passengers were not to be transported in the company's automobile.

After five p. m. March 21, 1939, Wirth kept the automobile, had a few drinks of

beer in a tavern in Superior and then started with a young woman to another tavern some five miles beyond Superior, where they were to have dinner. On the way and beyond the city limits of Superior, the automobile driven by Wirth had a collision with an automobile in which the appellant's intestate, Robert G. Johnson, was riding and thereby injured him. Robert G. Johnson later recovered a judgment against Wirth for injuries received in this accident. Johnson died and his administratrix continues the proceedings in an effort to realize on the judgment recovered against Wirth. To this end, action was brought against the appellee, who had a blanket policy of insurance in full force and effect on the date of the accident covering all the automobiles of Swift and Company, wherever situated.

The case was submitted to the court for trial without a jury. The court made findings of fact and stated its conclusions of law thereon. The following findings which are pertinent to the issues before this court were made by the District Court:

"IV.

"That said policy and contract of insurance contained the following clauses:

" 'Definition of "Insured". The unqualified word "insured" whenever used in coverages A and B and in other parts of this policy, when applicable to these coverages, includes not only the named insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is "pleasure and business" or "commercial", each as defined herein, and provided further that the actual use is with the permission of the named insured.' "

" '4. Permission.

" 'It is understood and agreed that should any automobile be used without authority or permission of an authorized agent of the Insured and become involved in an accident or claim, such use shall not in any way be used by the company as an avoidance of liability to or in prejudice of the rights of the Insured.' "

\* \* \* \* \*

"VIII.

"That Swift & Company, the named insured in said insurance policy, did not give its permission to its employee, John Wirth, to use the automobile for the purpose he was using it at the time of the collision and that said John Wirth had actually been forbidden by the named insured to so use the automobile.

"IX.

"The actual use of the automobile by John Wirth at the time and place of the collision was not with the permission of the named insured."

The appellee recovered judgment below, and this appeal followed.

On facts similar to those above recited, the courts have reached different conclusions. The following cases cited by the appellee hold that there is not permission within the meaning of the policy where the operator of the automobile initially has permission to use the automobile but uses it for a purpose for which permission was not given: Caldwell v. Standard Accident Insurance Company, 6 Cir., 98 F.2d 364; American Casualty Company of Reading, Pennsylvania v. Windham et al., D.C., 26 F.Supp. 261; Columbia Casualty Company v. Lyle, 5 Cir., 81 F.2d 281; Liberty Mutual Insurance Co. v. C. W. Stilson et al., 8 Cir., 34 F.Supp. 885; Mycek v. Hartford Accident & Indemnity Co., 128 Conn. 140, 20 A.2d 735; Laroche v. Farm Bureau Mutual Automobile Insurance Co., 335 Pa. 478, 7 A.2d 361; Farnet v. DeCuers, La.App. 195 So. 797, 802; Dickinson v. Maryland Casualty Co., 101 Conn. 369, 125 A. 866, 41 A.L.R. 500.

On the other hand, appellant cites the following cases to support the doctrine she contends for, that initial permission to use the automobile is not vitiated, regardless of whether the permission was given to use the automobile for the particular purpose it was being used for at the time of accident: Haeuser v. Ætna Casualty & Surety Co., La.App., 187 So. 684, 685; Dickinson v. Maryland Casualty Company, 101 Conn. 369, 125 A. 866, 41 A.L.R. 500; Stovall v. New York Indemnity Co., 157 Tenn. 301, 8 S.W.2d 473, 72 A.L.R. 1368; Drewek v. Milwaukee Automobile Insurance Company, 207 Wis. 445, 240 N.W. 881; Peterson v. Maloney and Maryland Casualty Company, 181 Minn. 437, 232 N.W. 790; Jefson v. London Guarantee & Accident Co., 293 Ill.App. 97, 11 N.E.2d 993; Cocos v. American Automobile Insurance Company, 302 Ill.App. 442, 24 N.E.2d 75.

The case of Dickinson v. Maryland Casualty Company, supra, is the leading case on the doctrine that if the use to which the automobile is being put is only a slight

deviation from the use for which permission was originally granted, the permission is not vitiated. This is known as the "deviation doctrine."

■ We do not find it necessary in the instant case to enter this conflict of authorities. The District Court has found that no permission of Swift and Company was given to Wirth for the actual use to which the automobile was being put at the time of the accident, and because Wirth did not have such permission he was not covered by the policy. But there is a provision in the policy in the instant case, which was not in any policy of the cases cited by appellee or the court below. This provision we think is controlling and dispenses with the necessity for permission. It is the provision found in Finding IV, which we quote again:

"That said policy and contract of insurance contained the following clauses: * * *

" '4. Permission.

" 'It is understood and agreed that should any automobile be used without authority or permission of an authorized agent of the Insured and become involved in an accident or claim, such use shall not in any way be used by the company as an avoidance of liability to or in prejudice of the rights of the Insured.' "

This provision was attached to the policy as a special rider, and was written on a typewritten sheet and pasted to the policy.

The appellee contends that this provision applied only to Swift and Company and the word "Insured" as used in the paragraph means Swift and Company. That provision was not necessary for the protection of Swift and Company. Obviously, it would not be liable for the use of its automobile if the use was without its authorization or permission. We think the paragraph can be held to mean Swift and Company in the first use of the word "Insured" therein, but in the second use of the word it can reasonably be construed to include others. The word "Insured" is defined in the policy as follows: " 'Definition of "Insured". The unqualified word "insured" whenever used in coverages A and B and in other parts of this policy, when applicable to these coverages, includes not only the named insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is "pleasure and business" or "commercial", each as defined herein, and provided further that the actual use is with the permission of the named insured.' "

The permission clause of the typewritten rider had the effect of amending the clause above quoted, which defined "insured" by eliminating all reference to permission. The paragraph defining "insured" would then read as follows: " 'Definition of "Insured". The unqualified word "insured" whenever used in coverages A and B and in other parts of this policy, when applicable to these coverages, includes not only the named insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is "pleasure and business" or "commercial." ' "

■ But appellee says this would lead to an absurd construction, and the policy would then cover anyone who might be driving one of Swift and Company's automobiles, even a thief. If that be true, it is the contract which the appellee drew. If it leads to an absurd situation, the company cannot advance that absurdity to relieve it of liability to one whose situation is not absurd. The permission provision was eliminated by the rider, and John Wirth was included in the category of the Insured.

We can readily understand why Swift and Company might have sought some change in the permission provisions of the policy. It is reasonable to assume that the executives of this great commercial concern knew of the conflicts in the courts' decisions about these permission provisions, and they wished to provide protection for its employees who might deviate from the use for which the permission to use the automobile was initially given. If the company's rules as to the use of the automobiles were violated, it no doubt felt itself able to handle the discipline of its own employees. It preferred in the interests of its public relations to have its automobiles insured, so that if some one of the public was injured by the use of one of its automobiles, there might be protection for the injured as well as the employee who might have been guilty of some infraction of the company's rule that would have taken the operation out of the provisions of the policy's protection. If in an attempt to provide such protection for Swift and Company's employees and in the interest of the

company's relations with the public, the insurance company, in attempting to draw a provision to furnish such protection, drew a provision that went beyond the requirements even to the extent of furnishing such broad coverage as to lead to absurd situations, the reasonable situations will not for that reason be bereft of protection.

 Contracts of insurance are not to be construed to relieve insurance companies that write them from coverages broader than they intended and from coverages they would not advisedly have taken, if to do so is to leave one without protection who might reasonably be held to be within the policy's provisions. Contracts of insurance are always construed most strongly against the insurance company. Garnsky v. Metropolitan Life Insurance Co., 232 Wis. 474, 287 N.W. 731, 124 A.L.R. 1489; 32 C.J. 1152; 29 Am.Jur., Secs. 166–167.

We therefore hold that in order to have coverage under the policy as written, John Wirth did not have to have permission of the owner, Swift and Company, to use the automobile as he was using it at the time of the accident.

The judgment is reversed and remanded, with instructions to the District Court to proceed in accordance with this opinion.