LOUISVILLE GAS AND ELECTRIC
COMPANY, Appellant,

v.

EMPLOYER'S MUTUAL LIABILITY
INSURANCE CO., Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1977.

Rehearing Denied April 8, 1977.

O. Grant Bruton, Charles D. Greenwell, Louisville, for appellant.

William Mellor, Mellor & Shaw, Louisville, for appellee.

Before GANT, HOWERTON and REYNOLDS, JJ.

GANT, Judge.

Appellant, Louisville Gas and Electric Company, appeals from a summary judgment entered in the Jefferson Circuit Court on January 14, 1974, which judgment held that the Appellee, Employer's Mutual Liability Insurance Co., did not provide any coverage for one Robert J. Cook in regard to the accident sued about.

The facts in this case were that the said Robert J. Cook, an employee of a corporation insured by the Appellee, was making delivery of certain goods shipped in interstate commerce to Continental Air Filter in Louisville. Upon his arrival at the plant somewhere before noon on Saturday, April 24, 1971, Cook learned that his trailer could not be unloaded until Monday, April 26. Cook unhitched the tractor from the trailer and proceeded to seek food and lodging, pursuant to authority from the corporation. He drove to a motel on Dixie Highway, where he spent the night. On Sunday afternoon, while drinking beer at a nearby bar, Cook met a stranger by the name of Hayes. Cook and Hayes drove to the home of Hayes' girlfriend and picked up the girlfriend and a friend of hers, proceeding thence to a bar where they stayed for two and a half hours, drinking beer, and then the four of them, still in the company tractor, drove out into the country for about a half hour to visit with Hayes' ex-wife. On the return trip from the ex-wife's home,

Cook, who had apparently had eight or nine beers in the interval, ran off the road a few minutes before midnight, setting in motion a bizarre chain of events. The tractor struck and broke a utility pole belonging to the Appellant, which in turn started a fire in the transformer, which also belonged to the Appellant, which fire then damaged an elementary school owned and maintained by the Jefferson County Board of Education.

Both Appellant and Appellee agree that under the holding of the Court of Appeals in the case of *Allstate Insurance Co. v. Napier*, Ky., 505 S.W.2d 169 (1974) the law of the state where the policy of insurance was written and was to be performed governs in this case even though the accident occurred in Kentucky. We are thus required to determine the Wisconsin law relating to the Omnibus Clause contained in the policy of insurance of the Appellee. The Omnibus Clause extends coverage to include:

"(c) Any other person while using an owned automobile or a hired automobile with the permission of the named insured."

More narrowly, we have in the instant case the sole question of whether or not, under the Omnibus Clause as recognized in Wisconsin, Cook was using the tractor *at the time and place of the accident* with the "permission of the named insured." The history of the law in Wisconsin is an interesting one. The first case construing this clause seems to have been the case of *Drewek v. Milwaukee Automobile Ins. Co.*, 207 Wis. 445, 240 N.W. 881 (1932) in which the Supreme Court of Wisconsin held that the Wisconsin omnibus coverage statute and the insurance policy incorporating the provisions of the statute extended insurance coverage to the assured or a person driving his automobile with his permission and was intended to cover persons using the automobile with the assured's permission in the first instance, regardless of the use thereafter.

After the *Drewek* case came *Kitchenmaster v. Mutual Automobile Ins. Co.*, 248 Wis. 554, 22 N.W.2d 479 (1946) in which the Supreme Court of Wisconsin held that an employer's tacit consent to allow a farm laborer who had no driver's license to drive his truck about the farm without using the public highway could not operate as a consent to use the truck on the public highway for his own purposes. Citing *Drewek*, the court said that this was more than a mere deviation from his permission. In *Boehringer v. Continental Casualty*, 7 Wis.2d 201, 96 N.W.2d 353 (1959) the court again found a substantial deviation from permission to operate a truck between the plant and the mill when a driver went home to get lunch.

In *Harper v. Hartford Accident and Indemnity Co.*, 14 Wis.2d 500, 507–508, 111 N.W.2d 480, 485 (1961), the court modified *Drewek* by stating:

"The broad language of *Drewek* that permission means consent to possession regardless of the use to which the permittee puts it has been qualified by the substantial deviation rule which generally applies to purpose for and place to which the car was used and also qualified by implied and express limitations on who can drive the car. Permission, in fact, may include either or both factors of purpose and driver. The question always is what was the scope of the permission."

In *Krebsbach v. Miller*, 22 Wis.2d 171, 125 N.W.2d 408 (1963), the court modified *Harper* to some extent as it related to the first permittee giving the vehicle over to a second permittee. The case of *Derusha v. Iowa National Mutual Ins. Co.*, 49 Wis.2d 220, 181 N.W.2d 481 (1970), again states the principle that the Omnibus Clause will be broadly interpreted.

This Court observes that the State of Wisconsin is far more liberal than Kentucky in construing "scope of permission." However, a strange thread runs throughout their cases. In all of their cases where there is only a *"mere deviation"* there is liability. Then came *Kitchenmaster* which says that where there is more than "mere deviation" there is no liability. Thereafter, *Boehringer* and *Harper* held that where

there is "*substantial* deviation" there would be no liability. But the thread of which we speak is that in the Wisconsin cases which commit the court "to a broad, rather than narrow, construction of the word "permission" are all concerned with the relationship between parent and child and that the cases in which that construction is narrowed considerably are concerned with the relationship between employer and employee. While the Supreme Court of Wisconsin seems to abhor the use of the phrase "scope of employment" and insists that they are talking only about "scope of permission" they seem to distinguish in their findings between these two situations.

Perhaps their reasoning is best set out in the case of *Derusha v. Iowa National Mutual Ins. Co., supra*, in which the court said:

"Where, for example, the parties are related by blood * * * weaker direct evidence will support a finding of such use than where the parties are only acquaintances * * *. Where * * * the relationship between the owner and operator is that of a parent and child, the evidence should be reviewed in the light of the authority which the law confers upon the parent to control the child, and the authority to administer restraint and punishment in order to compel obedience * * *."

In the instant case, the driver, Cook, by affidavit and in answer to interrogatories, stated that he was expressly prohibited from using the company truck in the manner in which it was used on the evening of the accident and, in fact, was fired for the unauthorized use of the company vehicle. The conduct outlined above of picking up three strangers, flitting from bar to bar, visiting a fourth stranger, etc. seems to this Court to constitute a substantial deviation of such import that even Wisconsin, with its professed "broad construction of the word permission," would feel constrained to find in favor of the company.

For the reasons above stated, the judgment of the lower court is affirmed.

All concur.